Daniex, Judge
 

 after stating the case delivered the opinion of the court:
 

 It has been held that the recital of a deed in a subsequent deed, is evidence of the former, against a party to .the latter, and those who claim under him, and therefore it operates by way of admission ; but such a recital is not evidence against a stranger to the second deed. (1
 
 Starkie,
 
 369,
 
 Ford
 
 v.
 
 Lord Gray, Salk.
 
 285, 4
 
 Binney,
 
 231.) But when the defendant relies on the admission contained in the recital, as evidence of a fact in his favor ; he must recollect that the admission must be taken altogether, and that if there are other facts disclose ed in the admission, which operate against the defendant, the plaintiffs will be entitled to the benefit of them. The whole of a recital is to be taken, and therefore if a patent be recited to be surrendered, and one relies upon the recital as proof of the existence of the patent, it will also be proof of a surrender. (3
 
 Star.
 
 311, 2
 
 Ventris 171. Com. Digest Evidence, B
 
 5.)
 

 The recital states, that
 
 Polk
 
 conveyed the land by deed
 
 *275
 
 ■of bargain and sale to
 
 Cox
 
 in the year
 
 1797
 
 ; by anoth-cr recital in the same deed, it appeal's that
 
 Buponeeau
 
 and
 
 Kentzing,
 
 became the assignees of
 
 Cox
 
 since the 20th of October, 1798. Assignees of what ? — the recital is speaking of the land; and we must take it to mean that they are the assignees of the land. The plaintiffs therefore, liaving made out their title to the land without the assistance of the tripartite deed and mortgage of the 12th of August, 1819,
 
 it
 
 now becomes unnecessary for us to determine, whether those deeds had been properly proven or not. We think the nonsuit should be set aside, and judgment rendered for the plaintiffs, on the verdict given by the jury.
 

 Per Curiam — Judgment reversed.