Ruffin, C. J.
 

 The Court concurs with his Honor on the first point. One object of the defendant was to show the better paper title to be out of the lessor of the plaintiff, by virtue of a grant for the same land, prior to that of Monroe. But the only evidence he gave, that the two tracts, or parts of them, were identical, was, that Pearson’s deed to Peebles, after describing the land by corners, metes, and bounds, goes on to say, that the land was part of a tract one Williams conveyed to Pearson. But there is no warrant of authority or reason for the position, that a recital or description in a deed proves its own truth in favor of the party himself. Upon a question of boundary, it might perhaps be evidence, with other things, of the locality of a line of the patent, that the parties to an ancient deed therein called a particular line that of the patent. But, of itself, a declaration in a deed, that the land, conveyed by it, had been before granted to a certain person, is not evidence for the parties to the deed, that in fact it was thus granted.
 

 On the point of the statute of limitations, however, the Court holds the opinion given to the jury to be wrong. It assumes, that the defendant’s possession may have begun in 1837, or so early in 1838, as to have continued for more
 
 *494
 
 than seven years before suit brought, and that it may have been adverse to Crump and wife at the beginning, yet it Concludes, that the Statute did not bar, because the wife has seven years from the death of the husband to enter. But that is clearly erroneous — being in direct contradiction to the words of the act. The Statute runs against all persons, as well
 
 femes covert
 
 as others, making the seven years, next after the right accrued, a bar ; with a proviso, however, that a person, who was a
 
 feme covert
 
 when her right first accrued, shall and may, notwithstanding the seven years be expired, commence her suit withift three years after discoverlure. The language of the act is as plain as it can be. The seven years began to run from the ouster of the owner,’when an action arose against the wrong doer. The possession was taken by Peebles adversely to Crump and wife, and there is no doubt the husband might have entered, in right of himself and his wife, or have brought an ejectment. Piad seven years expired in Crump’s life time, the proviso is explicit that the
 
 feme
 
 should have three years more, and only three, to commence her suit. Hut when the seven years have not expired in the life of the husband, as was not the case here, the two periods of seven years from the ouster, and three years from the death of the husband, are concurrent, until one of them shall have run out, and then the
 
 feme
 
 is entitled to the other and longer period to enter or sue. She derives no benefit from the proviso, therefore, unless the seven years from the ouster shall have expired, before the three years from her discovertnre. It was, consequently, wrong to make the death of the husband the
 
 terminus,
 
 from which t he seven years began to run. It is only the three years, which refer to that event; and the seven years never relate to it, but cnly to the period of the ouster. If, indeed, the defendant had entered under the husband, as upon a conveyance from him purporting to be for the fee,-then the lessor of the plaintiff would have had seven years from
 
 *495
 
 the husband’s death to bring suit. But that would be, not because the act gives the
 
 feme
 
 seven years from her hus* band’s death to bring suit, but because it gives her seven years from her right of entry and action accrued, and that would not accrue until the husband died ; for, the possession of the husband’s alienee would be consistent with the estate of the lessor of the plaintiff, until the death of the husband, and it would be upon that event only, that the possession would become adverse to her, so as to entitle her to an action. But here the ouster was in the time of the husband, and the adverse possession continued for more than seven years from the ouster, and also more than three years from the death of the husband. The case, therefore, was within the express words of the enacting clause of the Statute, and not within the saving of the proviso ; and^the jury ought to háve been instructed, that, upon the facts supposed, the statute was a bar.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo.