Charles M. Hargrove, the plaintiff's testator, on 25 August, 1885, entered into a contract with the defendant, Tazwell L. Hargrove, for the sale of certain lands at the price of eight dollars per acre, in pursuance whereof the testator executed his bond, therein stipulating to convey the title on payment of the purchase money, and the said Tazwell L. covenanted to pay the specified purchase money. The vendor Charles M., without any further steps taken to carry said agreement into execution by either party, died on 19 March, 1886, leaving a will properly executed and proved in the probate court, wherein by the 4th clause he devises said lands in these words: *Page 142 
"Item 4. I give, devise and bequeath to my brother, Hartwell W. Hargrove and his heirs forever, one-half of all the balance of my (146) land not herein otherwise disposed of, and the other half of all the balance of my land not herein otherwise disposed of, to my nephew, Tazwell L. Hargrove, and his heirs forever."
The present action begun by the issue of a summons on 15 September, 1887, against the vendee, Tazwell L. (the devisee, Hartwell L. Hargrove, afterwards becoming a codefendant in the action) is prosecuted to recover the purchase money due from the vendee. The complaint alleges that the plaintiff, as executor, having caused the land to be surveyed and ascertained therefrom that it contained but 140 1/2 acres, and not the large number supposed and mentioned in the contract, made and tendered to the said defendant a deed for the premises in form to pass the fee, and demanded payment of the amount of purchase money then due, but the defendant declined to accept the deed or pay any part of the debt.
The answer, not controverting the material allegations of fact, sets up as a defense, among other matters, that the devise of the lands carries along with it or extinguished the bond of said Tazwell L., and that in consequence no remedy can be sought upon the bond for a specific performance or otherwise. A jury was dispensed with, and the judge, by consent, passing on all the issues as well of law as of fact, upon the hearing, finds the facts to be as follows:
"1. That the land devised in the fourth item of the last will and testament of Charles M. Hargrove includes the land described in the bond for title executed by the testator, to the defendant Tazwell L. Hargrove.
2. That the will is dated 13 May, A.D. 1880; that Charles M. Hargrove died 19 March, 1886; and that the bond for title and the contract sued on are both dated 29 August, 1885, and were never registered.
3. That the personal estate of the testator, other than the (147) contract sued on, is sufficient to pay all the indebtedness of said Charles M., and the charges of the administration of his estate.
4. That the defendant, T. L. Hargrove, has never taken actual possession of any part of the land, nor has he paid any portion of the purchase money for the same."
Whereupon the court adjudged that the devise in the fourth item of said will vested the legal estate in T. L. Hargrove and Hartwell W. Hargrove, the defendants, and conveyed to them whatever estate or interest the testator had at the time of his death, and discharged the defendant T. L. Hargrove from his obligation under the contract sued on, and that the plaintiff was not entitled to the relief demanded, thereupon the plaintiff appealed. *Page 143 
If the agreement of sale be deemed to be in full force notwithstanding the devise of the land (its subject matter), inasmuch as the executor could not make title under section 1492 of The Code, unless the bond has "been proved and registered," as well as the purchase money paid in full, the offer to make the deed and its tender were ineffectual to pass the estate in pursuance of the testator's covenant, and were consequently inoperative. The devise itself, not repudiated by the defendant put the legal title in him to one moiety of the land as effectually as the testator's deed made in his life time could have done, and the other moiety in the defendant, the codevisee Hartwell W. Now, assuming that the former accepts the joint devise by claiming his portion of the estate under it, it is an assent to the disposition made of the other part, and this is inconsistent with the alleged continuance in force of the covenant entered into in the testator's lifetime. The said defendant could not hold the land (148) as a donation by the devise, and after thus disabling the executor to convey the estate, maintain an action for specific performance or for damages for a breach of the bond. This result follows from the act of the testator in making his devise, and it acceptance by the defendant, which, in legal effect, is the substitution of a new and superceding adjustment of the contract relations of the parties, and rests upon a well recognized principle, which forbids the assertion of a claim to a right secured in an instrument to a party, and a resistance to the other provisions affecting his interests prejudicially. He is put to his election. Isler v. Isler,88 N.C. 581. The defendant, Tazwell L., sets up no claim to a conveyance of the estate under the contract, and as from our view he cannot, neither can the plaintiff maintain an action on the covenant in opposition to a subsequent adjustment proposed in the will, assented to by the devisee, and thus doing away the original agreement.
It would be manifestly unjust to permit the devisee, Tazwell L., to retain the share of the land given him as a bounty and at the same time hold the testator's estate responsible, and so it would be in the executor to enforce payment of the purchase money against the vendee. The rights of the parties under their agreement and reciprocal deed, the testator must have intended in the donation, for such it is, to exonerate the party to whom it is made from further liability to him, and this intent is consummated by the assent of the latter.
The elaborate and forcible argument for the plaintiff, presents his claim in a different aspect, and seems to ignore the fact that this is not *Page 144 
a testamentary alienation attempted to be made to a stranger, which would be inoperative, but is a matter between the same persons, the consummation of which is brought about by the concurring acts (149) of themselves. In this respect the citations from our own reports, and from other authorities, do not affect the aspect of the case upon which our ruling rests.
It must be declared that there is no error and the judgment is
Affirmed.