CALVIN McKESSON, Adm'r of Wesley McKesson, v. G. C. SMART et al.

*Evidence, Secondary—Lost Records—" Diligent Search."*

1. If an officer charged with the custody of records and papers testifies that he made "diligent search" for but could not find them, a presumption arises that the search was made in the places where the documents were usually kept, or likely to be found, and it is not essential the Court should inquire into the particulars of the search before admitting secondary evidence of the contents of the missing papers. It *seems* the rule is different where the witness was not specially intrusted with the documents.

2. Where a Justice of the Peace testified he had made diligent search for certain records of his office, but could not find them: *Held,* that thereupon secondary evidence of their contents became competent.

This was a CIVIL ACTION, tried before *Bynum, J.,* on an appeal from a Justice's Court, at Spring Term, 1890, of MITCHELL Superior Court.

The plaintiff complained upon an account of sixty-three dollars. The defendant denied the indebtedness, and also plead as an estoppel that the same cause of action had been sued upon in another and different action before a Justice of the Peace, based upon the same cause of action, and determined in favor of the defendant, and that from such judg-

ment the plaintiff did not appeal. In support of this plea the defendant introduced J. M. Riddle, who testified that " he was an acting Justice of the Peace in 1889, and that during his term of office the plaintiff's intestate brought an action against the defendant before him, and that he tried and determined the same." Defendant then asked witness where were the records of the trial referred to. To this, witness replied " that he had his docket, but the case had never been put upon it; the other records of the trial were lost or destroyed; that he had made diligent search for them, but could not find them." Defendant then proposed to prove by witness the contents of the lost records. To this, plaintiff objected. The objection was sustained by the Court, and the defendant excepted.

The Court charged the jury at this point, that there was no evidence of a former trial of this action, and that they would not consider this question or plea. Judgment for plaintiff. Appeal by defendant.

*Mr. W. B. Council,* for plaintiff.
No counsel for defendant

AVERY, J.: The witness, a Justice of the Peace, had failed to enter the case upon his docket, and testified that he had made " diligent search" for the other papers and could not find them, and that they were lost or destroyed. He was the custodian of these *quasi* records, the contents of which were important to show a former trial and judgment which would operate as an estoppel against the plaintiff in this action. The inevitable inference is, that being an officer, entrusted by the State of North Carolina with judicial power and the custody of the process and papers pertaining to his position, he had sufficient knowledge of the language used in every-day life to know that he could not make diligent search for these particular documents among the papers of

another person, or in any place except where he usually
kept his own official papers, or actually knew that they had
been deposited.   Making diligent search could not imply
less than a careful hunting for them there; it might have
meant more, that in addition he had examined some other
locality where he had, contrary to his usual custom, left
them.   When the Clerk of a Court testifies that he has made
diligent search for a record belonging to the Court, the testi-
mony *ex vi termini* implies an examination in the place
where he usually deposits such a paper.   The Judge is not
expected to inquire, or require counsel to ask, how long a
time the officer consumed in the search, in what corner of the
room he usually kept the paper, how many packages he
opened, whether he had adopted a good system of classifica-
tion and arrangement of documents, and so on *ad infinitum*,
in order to satisfy himself from this detailed statement that
the search was in truth diligent, because every corner of an
apartment, or every pigeon-hole in a desk, was ransacked.
The preliminary inquiry addressed to the Court is, whether
the evidence raises a reasonable presumption that the instru-
ment has been lost.   Best on Ev., 451; *Gillis* v. *Railroad*,
decided at this term.   In order to raise this presumption, it
would not have been sufficient to have asked some person who
did not appear to be charged by the law with the custody of
the papers whether he had made diligent search, and to have
received the answer that he had.   But, if the custodian had
even stated how he searched the usual depository and failed
to find the papers, and had also said that A. B. had some
time before the search taken them to his house and had not,
so far as he knew, returned them, it would have become
necessary to call and examine A. B.   Taylor on Evidence.

The witness testified that the papers had been in existence
and in his care; that he still had his docket, upon which he
had failed to enter the case.   If his Honor had admitted
the evidence, it still remained for the jury to pass upon its

sufficiency to show the contents. The finding by the Judge upon the preliminary question no more establishes the sufficiency of the evidence to show the actual existence and contents of the document, than does the preliminary finding upon which the declaration of an alleged conspirator is admitted, establishes the conspiracy.

In *Yount* v. *Miller*, 91 N. C., 332, the plaintiff proved " by M. O. Sherrill, former Clerk of the Court of Pleas and Quarter Sessions, that the original papers in the case of Elizabeth Yount, widow of John Yount, against the heirs of John Yount, had been searched for by him, and had been lost." This was all of the preliminary proof offered in that case. The officer did not testify that he had searched diligently, as in our case, nor did he intimate where he searched. He was formerly the custodian as Clerk of the Court of Pleas and Quarter Sessions, and then as Clerk of the Superior Court had them in charge.

After objection, the Court admitted secondary evidence in that case upon the idea, of course, that sufficient proof of the loss had been offered. It would seem useless to add any other case from our own Reports.

We think that it was error to refuse to admit the testimony, and allow the jury, with proper instruction, to consider it as bearing upon the issues. The defendant is entitled to a new trial.

Error.