HETTIE BARHAM ET ALS. v. MATT HOLLAND ET ALS.

(Filed 24 September, 1919.)

**Descent and Distribution—Heirs at Law—Presumptions—Instructions—Appeal and Error—Reversible Error.**

The law presumes that the estate of a deceased person descends to his heirs at law upon his death, and an instruction that the burden of proof is on them to show intestacy is reversible error.

SPECIAL proceedings for partition of land instituted before clerk, transferred to Superior Court on an issue of *sole seizin,* made by one of defendants, Lucy Holland, etc., and tried before *Kerr, J.,* and a jury at February Term, 1919, of HARNETT.

There was verdict for defendant on the issue. Judgment, and plaintiffs excepted and appealed.

*J. R. Baggett and Clifford & Townsend for plaintiffs.*
*E. F. Young and F. T. Dupree for defendant.*

HOKE, J. There were facts in evidence tending to show that the property in controversy belonged to one Lem Holland; that in 1882 he left the State, going to South Carolina, and that no message had been received from him by any of his family or others "since about a year or two after he left the State, and the reputation in the family was that he was dead," and plaintiffs and defendants are his heirs at law, brothers and sisters of the deceased or their children; that, just before leaving,

Lem Holland, the owner, placed the property in possession of his brother, Jim Holland, to hold the same for the owner, and not long after Jim died, leaving his widow Lucy and several of their children in possession, and they or some of them had continued to live on the place till institution of the suit.

There was testimony for defendant tending to show that Lem Holland placed his brother Jim and his wife on the place as owners, and that since Jim's death his widow, Lucy, who sets up the plea of *sole seizin,* had continued to occupy and possess the property and that such possession was adverse and in the assertion of ownership, that she was the sole owner, as alleged in her plea. On the issues thus raised his Honor, among other things, charged the jury:

"The burden, then, is upon the plaintiffs to satisfy you by the evidence, and by its greater weight, that Lem Holland is dead, and that he died seized and possessed of this piece of land; (2) that he died intestate, that is to say, that he did not leave a will and give this land to anybody else; (3) that the parties to this action are his heirs at law; that is, that they are the ones who are entitled to his property in the event that he did die owning this property, and that he did die without any will conveying it to somebody else." And further: "In order that you should answer the issue 'Yes,' it is essential, as I said, that you should find all of these facts to exist from the evidence, by its greater weight, as I have defined greater weight to you, and if you fail so to find, you will answer the issue 'No.'" There is no presumption which requires that before an heir at law can recover as for lands descended he should show that his ancestor died intestate. On the contrary, the presumption is the other way. Speaking to the subject in 9 R. C. L., p. 9, sec. 3, the author states the prevailing position as follows: "The heir is favored in law. He never takes by the act or intention of the testator. His right is paramount to and independent of the will, and no intention of the testator is necessary to its enjoyment. He needs no argument or construction showing intention in his favor to support his claim. They belong to the party claiming under the will and in opposition to him. To cut off either the heir or next of kin, therefore, the estate must be devised or bequeathed, expressly or by necessary implication, to some other person, and whoever claims against the laws of descent must show a sufficient written title, for an estate in fee is presumed to descend, on the death of the ancestor, in pursuance of the laws of inheritance, unless the descent is shown to have been interrupted by a devise."

The cases referred to are in support of the text, among others Sipman's Appeal, 30 Pa. St., 180; *Graham v. Graham,* 23 W. Va., 36, and our own decisions on the subject are in full recognition of the principle.

*In re Hedgepeth,* 150 N. C., 245; *Cox v. Lumber Co.,* 124 N. C., 78; *Floyd v. Herring,* 64 N. C., 409.

As shown in some of the cases cited for defendant, *Blue v. Ritter,* 118 N. C., 580, etc., there is, at times, a presumption against partial intestacy, that is, when it is established that an ancestor has made a will it is presumed, in the first instance, that he intended to make disposition of all of his property, but on the facts of this record the presumption is in favor of lands descended, and there is no burden on the heir at law to show that there was no will.

For the error indicated there must be a new trial of the cause, and it is so ordered.

New trial.