Material Facts: In the course of the trial it was admitted of record by all parties:
(a) The land in controversy is the identical tract of land described in the deed from Robert D. McIlwaine and others to Wells Draughan, recorded in Book 26, page 559, Nash County registry, and described in the seventh item of the will of Wells Draughan, recorded in Will Book 9, page 277, of the clerk's office in Nash County, and is the same land as described in the deed from James W. Draughan, executor, to Richard H. Jones, recorded in Book 28, page 246, Nash registry, and in deeds from Richard H. Jones and wife, to Thomas P. Braswell, Book 28, page 11, and to H. E. Odom, Book 26, page 602, and from H. E. Odom, trustee, to Thomas P. Braswell, Book 38, page 46, of Nash County registry.
(b) That Thomas Sears, mentioned in the seventh item of the will of Wells Draughan above referred to, died on the ________ day of April, 1926, never having married and never having had any lawful issue or heir of his body.
(c) That the plaintiffs in this action are all surviving heirs of Delphia Sears, deceased.
(d) That the interest of Thomas P. Braswell in the above described land passed by his will, recorded in the clerk's office of Nash County, to his three sons, M. C., M. R., and J. C. Braswell, and that by deed of M. R. and J. C. Braswell to M. C. Braswell, 140 acres of said land was conveyed, and the remaining 45 acres continued to be held in common; that upon the death of M. C. Braswell, intestate, in 1922, his interest in all the aforesaid land, the entire 185 acres, descended to the defendants, Vivian Braswell, Mattie May Gorham, Alice Bryan Braswell, and Elizabeth Braswell, subject to the dower of Mrs. Alice S. Braswell, widow of M. C. Braswell, deceased, the defendants in this action.
Upon evidence introduced by both sides, the following issues were submitted to the jury, the first four being answered by the jury and the last two by the court, to wit: *Page 517 
"1. Did Wells Draughan enter into a contract in writing binding himself, his heirs and assigns, to convey the lands in question to said Richard H. Jones, as alleged in the answer? Answer: Yes.
2. Did Richard H. Jones contemporaneously with the execution of said contract execute and deliver to Wells Draughan purchase money notes for the purchase price of said land, as alleged in the answer? Answer: Yes.
3. Did Richard H. Jones subsequently pay said purchase money notes to the legal holder thereof? Answer: Yes.
4. Have defendants and those under whom they claim, been in quiet and undisturbed possession of said land since 1872 under said contract? Answer: Yes.
5. Is defendants' counterclaim to remove plaintiffs' claim as a cloud upon their title, barred by the statute of limitations? Answer: No. (Answered by the court.)
6. Are plaintiffs the owners of and entitled to possession of lands described in the complaint? Answer: No. (Answered by the court.)"
(e) The seventh item of the will of Wells Draughan is as follows: "I give and devise unto Thomas Sears child of Charles E. Sears and Delphia Sears, his heirs and assigns, a tract of land situated in Nash County on the north side of Swift Creek which I purchased of McIlwaine and Company, of Petersburg, Virginia, formerly owned by Colonel Rowland. Richard Jones now lives on said land. In case the said Thomas Sears should die without lawful heirs of the body the said tract of land shall be divided among the surviving heirs of the said Delphia Sears."
(f) Plaintiffs introduced in evidence the following:
Deed from James W. Draughan, executor, to Richard H. Jones, recorded in Book 28 at page 246, Nash County registry, which reads as follows:
"This indenture made this 13 November, A.D. 1872, between James W. Draughan, executor of Wells Draughan, deceased, of one part, and Richard H. Jones of the other part, witnesseth that whereas the late Wells Draughan gave the said Richard H. Jones an obligation binding him the said Wells Draughan his heirs, executors and administrators to execute and deliver to said Richard H. Jones, his heirs and assigns a good and fee simple deed to the following described tract of land, upon the payment to him the said Wells Draughan or his executors or administrators of three separate notes of five hundred dollars each, bearing interest from 1 January, 1870, and due respectively 1 January, 1871, 1 January, 1872, and 1 January, 1873; and whereas the said R. H. Jones has paid off and satisfied said notes: Now this indenture further witnesseth, that in consideration of the payment of said notes with *Page 518 
interest on same to the said J. W. Draughan, executor aforesaid, he, the said James W. Draughan has this day sold and conveyed and delivered and by these presents does sell, convey and deliver to said Richard H. Jones, his heirs and assigns forever, the land above mentioned and described as follows, being situated in the county of Nash and State of North Carolina, on or near the road leading from Hilliardston to Battleboro, adjoining the lands of Dr. R. H. Marriott, E. Boddie Hilliard, the lands of late Joseph Turner and others, containing one hundred and eighty-five acres, more or less, being the land purchased by W. H. Rowland, of Jas. Turner, and by H. G. Williams of said Rowland and by A. H. Williams of said H. G. Williams, and by McIlwaine Co. of said A. H. A. Williams, to have and to hold the same unto him the said Richard H. Jones, his heirs and assigns forever, and the said James W. Draughan, as executor aforesaid hereby warrants and defends unto said Jones and his heirs a good right and title to said land against the claims of any and all persons whatsoever.
In witness whereof the said James W. Draughan has hereunto set his hand and seal, the day and date above written.
JAMES W. DRAUGHAN, Executor. (Seal.)
Witness: H. G. WILLIAMS.
Nash County. In the Probate Court; 10 February, 1874.
The execution of the foregoing deed was duly proven before me by the oath of H. G. Williams, the witness thereto. Register it.
Registered 13 June, 1874.
 J. P. JENKINS, Probate Judge. WILLIAM T. GRIFFIN, Register of Deeds."
Deed from Richard H. Jones and wife to Thos. P. Braswell, recorded in Book 28 at page 11, Nash County registry. The material parts of this deed are as follows: Dated 13 November, 1872; acknowledged 15 November, 1872; recorded 6 May, 1873. Consideration $500, containing by estimation 140 acres, more or less, and being a part of the McIlwaine tract. "The following described tract or parcel of land situate in the county of Nash, State of North Carolina, being a part of the tract purchased by said Jones of Wells Draughan, deceased, the whole of which tract was purchased by said Wells Draughan of McIlwaine." (The tract in controversy.) Contains general warranty.
Mortgage, Richard H. Jones to H. E. Odum, [Odom] recorded in Book 26, at page 602, Nash County registry. The material parts of said mortgage are as follows: Dated 13 November, 1872, acknowledged 27 November, 1872, and recorded 2 January, 1873; mortgage recites: "Witnesseth, *Page 519 
that whereas, said H. E. Odom is security for Richard H. Jones on a certain bond due James W. Draughan for the purchase of the following described tract or parcel of land given this day and due 1 January, 1874, and bearing interest from 1 January, 1873, the amount of principal of said bond being seven hundred and seventy dollars, and whereas the said Richard H. Jones and Harriet A. are desirous of securing and saving the said H. E. Odom on account of said securityship, so that he will not be loser thereby," etc.
Containing 45 acres, more or less, and being the balance of the McIlwaine tract. This description begins "The tract of land on which R. H. Jones now resides purchased by him of the late Wells Draughan with the exception of that part sold to Thos. O. Braswell this day, the part hereby conveyed and sold to said Odom being bounded as follows." The land described is part of the land in controversy.
Deed, H. E. Odom, mortgagee or trustee, to Thos. P. Braswell, Book 38, page 46, Nash County registry.
The evidence was introduced by plaintiffs to show defendants' chain of title from a common source.
Plaintiffs' counsel dictated to the record the following statement:
"All of the evidence introduced showing defendants' chain of title was introduced for the purpose of showing title from common source, and that plaintiffs' title from that source is superior to defendants' title from that source, and evidence restricted to that purpose." Motion by defendants to strike from record the above statement and restrictions. Motion allowed; (1) plaintiffs except and assign error.
Defendants' evidence, in part:
Defendants introduced in evidence a certified copy from Edgecombe Superior Court, of the qualification of James W. Draughan, executor of Wells Draughan, deceased.
"TARBORO, N.C. 24 September, 1872.
In the Matter of the Will of the late Wells Draughan of this county:
The last will and testament of the late Wells Draughan of this county having this day been admitted to probate in this county, and James W. Draughan having applied for leave to qualify as one of the executors mentioned therein —
It is ordered by the court that he have leave to do so . . . and thereupon the said James W. Draughan did by taking and subscribing to the oath prescribed by law for the qualification of executors . . . and letters testamentary are issued accordingly.
September, 1872.
J. NORFLEET, Judge of Probate." *Page 520 
Defendants offered in evidence the following instrument, to which plaintiffs objected, not on account of form, but on account of substance; objection overruled, (2) plaintiffs except and assign error.
Instrument admitted in evidence reads as follows:
"Inventory of land, belonging to Wells Draughan, deceased. (There are nine tracts of land mentioned other than the one below, of which no description or number of acres are requested.)
(180) One hundred and eighty acres in Nash County bought of McIlwaine 
Company, Petersburg, Va., given by will to Thomas Sears, son of Charles E. Sears, afterwards sold to Richard Jones on condition of the money being paid to Thomas Sears or his guardian. Note endorsed to Thomas Sears. JAMES W. DRAUGHAN.
Sworn to and subscribed before me, by Jas. W. Draughan, 3 April, 1875.
JOHN NORFLEET, Judge of Probate.
Book of Inventories and Accounts, 1867-1881, Edgecombe County, office clerk Superior Court."
Defendants admit in open court that plaintiffs are the only lawful heirs of Delphia Sears; that the defendants do not claim title to the lands in controversy by adverse possession against the plaintiffs, but under the alleged contract between Wells Draughan and Richard H. Jones followed by payment of the purchase price specified in said contract and possession thereunder; it is further admitted that Tom Sears mentioned in paragraph 7 of the will of Wells Draughan died without leaving lawful heirs of his body; never had any children. The foregoing admissions are made with the understanding that the court in rendering its judgment shall consider said admissions as of the same effect and force as if found by a jury upon proper issues submitted.
The defendants relied upon the following evidence:
(a) The recitals in the various deeds pleaded and introduced by the plaintiffs, together with a record of the inventory of Wells Draughan, by executor, filed in Edgecombe County Superior Court, all more than thirty years old and treated as ancient documents.
(b) Continuous possession of the land consistent with their claim under the contract and consistent with the existence of the contract.
(c) The loss of the original contract and the diligent search for it, the exhaustion of every reasonable effort to locate it, and their inability to produce it. No notice was served on the plaintiffs to produce it because in their reply to the amended answer they denied the existence of it. No demand was ever made on defendants for the possession of the land until after the death of Thos. Sears, which was in April, 1926. *Page 521 
All the exceptions of the plaintiffs relate to the competency of the evidence upon which the defendants relied and upon the legal effect thereof. Among the allegations in defendants' answer, they say: "That the plaintiffs, as executory devisees under the will of Wells Draughan, are asserting a claim of title to the land herein described; that the claim of the plaintiffs constitutes a cloud upon the title of the lands in question, which are now and have been for the past fifty-six years in possession of these defendants and those under whom they claim, adversely to the plaintiffs and those under whom they claim; that the defendants are entitled to a conveyance of the land from the plaintiffs." And for a further reply to the affirmative defense set up by the defendants, the plaintiffs allege:
1. That the defendants' cause of action, if any they have, growing out of the alleged contract between Wells Draughan and Richard H. Jones, accrued more than ten years prior to the commencement of this action and the filing of the defendants' pleading, and therefore barred by the ten-year statute of limitations, which is hereby specifically pleaded in bar of the defendants' right to enforce the same, or to recover upon it.
2. That the defendants' cause of action, if any they have, growing out of the alleged contract between Wells Draughan and Richard H. Jones, accrued more than three years prior to the commencement of this action, and the filing and pleading, and the same is therefore barred by the three-year statute of limitations, which said statute is hereby pleaded in bar of their right to enforce the same, or to recover anything by reason thereof.
3. That if there was any contract and any trust created as alleged by the defendants, which is specifically denied by the plaintiffs, the defendants, and all of them, are guilty of laches and unreasonable delay in enforcing the said trust and by their conduct in this respect they are now estopped to assert any rights under such alleged contract and trust.
Other material facts will be set forth in the opinion.
From the admission of defendants, the plaintiffs were entitled to the possession of the land in controversy unless the defendants' contentions were correct, and there was competent evidence to support them.
The main contentions of plaintiffs, as we interpret them, are:
(1) "All the evidence introduced showing defendants' chain of title was introduced for the purpose of showing title from common source, and that plaintiffs' title from that source is superior to the defendants' title *Page 522 
from that source, and evidence restricted to that purpose." The court below refused to restrict the evidence, and in this we think there was no error.
(2) The contention of plaintiffs was also to the effect that the inventory of James W. Draughan, executor of Wells Draughan, introduced by defendants was incompetent as bearing on the written contract as set up by defendants by Wells Draughan to Richard H. Jones and his heirs and assigns; that upon payment of the purchase money notes to Thomas Sears, a conveyance would be made to Richard H. Jones and his heirs and assigns. This evidence was admitted by the court below, and in this we think there was no error.
The inventory was filed by the executor under the provisions of chapter 113, Laws 1868, which required the executor under oath within three months to return to the clerk an inventory of the real estate, etc.
The recitals in the conveyances, and other evidence, tend to show:
That Wells Draughan, who owned the land in controversy, made a will which bears date of 17 February, 1870 (codicils 8 March, 1870, and 11 May, 1871). Said will and codicils were duly probated 24 September, 1872.
The seventh item of his will devised the land in controversy to Thomas Sears and his heirs and assigns, but "in case the said Thomas Sears should die without a lawful heir of the body, the said tract of land shall be divided among the surviving heirs of the said Delphia Sears." Thomas Sears died without lawful heirs in April, 1926. The plaintiffs in this action are the surviving heirs of Delphia Sears. The defendants admit that the deed of James W. Draughan, the executor of Wells Draughan, conveying the land in controversy is inoperative, as it purports to do, to pass title to Richard H. Jones and his heirs and assigns. The bond for title was not recorded. C. S., 91; Taylor v. Hargrove, 101 N.C. 145.
That a written contract or bond for title, as required by law, was made by Wells Draughan before he died to convey the land in controversy to Richard H. Jones and his heirs and assigns upon the payment of certain purchase-money notes, which were to be paid by Jones to Thomas Sears, who, under section 7 of the will, as above set forth, would have had an interest in the land in controversy. That there was an ademption of the legacy (Kingv. Sellars, 194 N.C. 533), by the bond for title being made by Wells Draughan before he died and after his will was made, to Richard H. Jones and the notes were endorsed to the grandson, Thomas Sears, mentioned in Item 7 of the will in lieu of the legacy. That the notes came into the hands of the executor, who collected them and turned the proceeds over to Thomas Sears and made *Page 523 
the deed set forth in the statement of facts which is inoperative as the written contract or bond for title was never recorded as required by law.
That Richard H. Jones, and those who claim under him, have been in the quiet and undisturbed possession of the land in controversy since 1872 under the written contract or bond for title. That diligent search was made for the written contract or bond for title, which could not be found. The defendants' counterclaim is to remove plaintiffs' claim as a cloud upon defendants' title, which is not barred by the statute of limitations, and the plaintiffs are not the owners and entitled to the land in controversy.
The jury found that the contract or bond for title was made as the defendants alleged, that the notes were executed as the defendants allege; that the purchase money was paid to the legal holder of the notes as the defendants alleged; that the defendants have been in quiet and undisturbed possession of the land since 1872 under the contract. On these findings the court below found that the defendants' counterclaim to remove cloud on title was not barred by the statute of limitations, and that the plaintiffs were not the owners of the land.
The principle is well settled in this State and elsewhere that where both parties claim title under the same grantor, it is sufficient to prove a title derived from him without proving his title, as neither party can deny such title. The plaintiffs, in attempting to prove their own title, and in order to connect defendants' title with a common source, introduced the James W. Draughan, executor, deed and the other conveyances set forth in the record, which contained certain recitals. Plaintiffs contend that the evidence should be restricted.
We said in Cook v. Sink, 190 N.C. at p. 625: "They cannot `blow hot and cold in the same breath.' Any other view would be inequitable and unconscionable. Plaintiff or the other devisees cannot take inconsistent positions. `Upon the principle similar to that applied to persons taking under wills, beneficiaries under a trust are estopped, by claiming under it, to attack any of its provisions. . . . So, also, one who accepts the terms of a deed or other contract must accept the same as a whole; one cannot accept part and reject the rest.' Bigelow on Estoppel, 6 ed., p. 744; Fort v. Allen, 110 N.C. 191; Chard v. Warren, 122 N.C. 86; Freemanv. Ramsey, 189 N.C. 790"; Adams v. Wilson, 191 N.C. at p. 395.
The deed from James W. Draughan, executor, dated 13 November, 1872, to Richard H. Jones, and his heirs and assigns, introduced by plaintiffs, have these recitals: "Witnesseth, that whereas the late Wells Draughan gave the said Richard H. Jones an obligation binding him, the said Wells Draughan, his heirs, executors and administrators to execute and deliver to said Richard H. Jones, his heirs and assigns a *Page 524 
good and fee-simple deed to the following described tract of land, upon the payment to him the said Wells Draughan or his executor or administrator of three separate notes of five hundred dollars each, bearing interest from 1 January, 1870, and due respectively 1 January, 1871, 1 January, 1872, 1 January, 1873; and whereas the said R. H. Jones has paid off and satisfied said notes."
The recitals in the other conveyances introduced by plaintiffs, speak of the land "being a part of the tract purchased by said Jones of Wells Draughan, deceased," and "the tract of land on which R. H. Jones now resides, purchased by him of the late Wells Draughan, with the exception of the part sold to Thomas P. Braswell this day."
Item 7 of the will of Wells Draughan says "Richard Jones now lives on said land."
We will not discuss whether the recitals in the conveyance introduced by plaintiffs to connect defendants' title with a common source was an estoppel as to them, as defendants made certain admissions of record and the action was tried out on the theory that the recitals were some competent evidence in ancient documents, and the competency of these recitals seems to be the crux of this action.
We think that the recitals in these deeds and the inventory return competent evidence under the ancient document rule. Davis v. Higgins,91 N.C. 382; Sledge v. Elliott, 116 N.C. 712; Nicholson v. LumberCo., 156 N.C. 59; Thompson v. Buchanan, 195 N.C. 155; Davis v.Gaines, 104 U.S. 386; Wilson v. Snow, 228 U.S. 217, 6 A.L.R., 1445 et seq.
In Buchanan's case, supra, at p. 161, it is said: "The hearsay rule gives way to the ancient (document) doctrine rule and is admissible ordinarily at least as prima facie evidence of the truth of the contents."
"Even if it be conceded that the deed was not of itself a valid conveyance, which the executor was authorized to make, the recitals were admissible to establish the truth of the facts recited. The deed was ancient; the parties to the transaction were dead; the recitals were against the interest of the party making them as he was one of the heirs of John S. Sydnor, and are consistent with every known fact connected with the title." Sydnor v. Texas Savings Asso., 42 Tex. Civ. Ap., 138, 94 S.W. 451.
The executor's deed in the present action was void because the bond for title was not recorded. Yet the evidence discloses that Richard H. Jones paid the purchase price. We think the principle laid down in Thompson v.Lumber Co., 168 N.C. at p. 229, analogous: "The deed to Prichard, which was objected to, is void, as contended by the defendant, because the grantee named was dead at the time of its execution (Neal v. Nelson,117 N.C. 406), but upon proof of payment of the purchase *Page 525 
price bid at the sale an equitable estate would be vested in the heirs of the purchaser, and it is well settled in this State that an action may be maintained on an equitable title (Condry v. Cheshire, 88 N.C. 375; Brownv. Hutchinson, 155 N.C. 207); and in our opinion there was circumstantial evidence of payment." See Cedar Works v. Shepard, 181 N.C. 13. Defendants in this action are the successors in title from Richard H. Jones.
In the present action the alleged ancient original bond for title was lost. Under the evidence introduced by defendants, which we think competent, diligent search was made as required by law. "To show a writing is lost or destroyed, in general terms, without showing a reasonable search or inquiry for it, has never been regarded as sufficient to admit secondary or parol evidence of its contents. The best evidence is the paper-writing, when a matter is required to be put in writing, or the paper-writing is in issue or the subject of the controversy. McKesson v. Smart, 108 N.C. 17;Avery v. Stewart, 134 N.C. 287; Sermons v. Allen, 184 N.C. p. 127;Chair Co. v. Crawford, 193 N.C. 531. The exception to the rule is where the contents of the writing is collateral to the controversy or issue.Herring v. Ipock, 187 N.C. p. 459." Harris v. Singletary, 193 N.C. at pp. 586-7.
Plaintiffs' third contention is that defendants are barred by the statute of limitations, ten years, etc., and laches. We cannot so hold. Defendants contend that Richard H. Jones, through whom they claim, had a written contract or bond for title, as required by law, from Wells Draughan; that upon the payment of certain notes a deed in fee simple was to be made him for the land in controversy. Under the bond for title in 1872, Jones went into possession of the land in controversy and the relationship of vendor and vendee existed, and the defendants claim title through him. When the notes were paid, he and those claiming under him became the equitable owners of the land and the devisees of Wells Draughan are mere naked trustees with no beneficial interest, and the claim of plaintiff is a cloud on defendants' title. We think defendants' contentions correct.
The principle is thus enunciated in Jennison v. Leonard, 21 Wall, 302 (22 Law Ed., 539): "This is one of the sales of real estate by contract, so common in this country, in which the title remains in the vendor and the possession passes to the vendee. The legal title remains in the vendor, while an equitable interest vests in the vendee to the extent of the payments made by him. As his payments increase, his equitable interest increases, and when the contract price is fully paid, the entire title is equitably vested in him, and he may compel a conveyance of the legal title by the vendor, his heirs or assigns. The vendor is a trustee of the legal title of the vendee to the extent of his payment." *Page 526 
"The equitable estate of the vendee is alienable, descendible, and devisable as real estate held by a legal title." Lewis v. Hawkins, 23 Wall, 119, 23 Law Ed., p. 113.
In Cherry v. Power Co., 142 N.C. at p. 410, it is said: "As the purpose of the trust was fully accomplished, the necessity and reason for keeping the legal and equitable estates separate no longer existed, and by operation of the statute of uses, aptly called `parliamentary magic,' the use becomes executed and the legal estate vested in the plaintiffs.McKenzie v. Sumner, 114 N.C. 425; Perkins v. Brinkley, 133 N.C. 154."
Under our Constitution, the distinction between actions at law and suits in equity and the forms of all such actions and suits are abolished, but this did not destroy equitable rights and remedies nor merge legal and equitable rights. In one action the legal and equitable rights of the parties can be tried out. Waters v. Garris, 188 N.C. 305.
Under C. S., 1743, defendants pray that their title be quieted. InPlotkin v. Merchants Bank, etc., Co., 188 N.C. 711, 715, the Court said:"Walker, J., in Christman v. Hilliard, 167 N.C. 4, speaking of the statute, says: `The beneficial purpose of this statute is to free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion.'" Johnson v. Fry, 195 N.C. 832.
From a careful inspection of the record, the numerous exceptions and assignments of error made by plaintiffs cannot be sustained. It appears to us that the action was unusually well tried by the learned judge who presided and the attorneys for the litigants.
No error.