L. F. PHILLIPS AND CLARA I. WELLS, ADMINISTRATRIX OF E. G. WELLS, DECEASED, v. SADIE A. KERR AND J. L. KERR, HER HUSBAND.

(Filed 22 January, 1930.)

1. **Taxation H b—Listing of property for taxation according to statute is prerequisite to validity of tax deed.**

   It is required to a valid sheriff's deed under a sale of land for taxes that the property shall have been listed for taxation according to the statute applicable at the time thereof.

2. **Same—Tax list-taker does not have authority to list property for owner and sign his name thereto.**

   Under a statute providing that the owner shall list his land for taxes under oath, or, in certain cases by an agent, or upon his failure therein the chairman of the board of commissioners shall list the description and valuation of the property, no authority is given the list-taker of the town-

ship to act for the owner, and in such instance the sheriff's deed to the lands to the purchaser at a tax sale does not pass title as against the owner or those claiming under him, and this result is not varied by C. S., 7925, making it the duty of the list-taker to be constantly on the lookout for unlisted property, the authority to list the property so found being confined to the chairman of the board of commissioners alone.

3. **Same—Tax deed is only presumptive proof that the property had been properly listed for taxes.**

A sheriff's deed for the sale of lands for taxes is but presumptive proof that the property had been listed for taxes as the statute requires, and may be rebutted. C. S., 8034.

4. **Taxation H c—C. S., 8034 does not apply where tax deed is void because property had not been listed for taxes.**

C. S., 8034, providing that no person shall be permitted to question the title to lands acquired under a sheriff's deed without first showing that he or the person under whom he claims had title to the property at the time of the sale does not apply when the sheriff's deed is void for the failure of the listing of the property as required by statute.

APPEAL by defendants from *Midyette, J.,* at August Term, 1929, of BLADEN. No error.

Action to recover land claimed by the *feme* defendant under a purported sale for the nonpayment of taxes. In 1923 W. T. Wallace owned the land, described as lots 16 and 18 of the B. L. Herring subdivision, but he did not list it that year for taxes. The list-taker for the township listed it in the name of W. T. Wallace, signed the owner's name, and returned the tax scroll for 1923 with the following entry: "W. T. Wallace, Wallace, N. C. Two lots, White Lake, $600. Signed W. T. Wallace." This was done without the owner's permission, consent or knowledge. Wallace did not pay the taxes for 1923, and on 5 May, 1924, the sheriff sold the lots for the unpaid taxes. On 19 May, 1925, he executed a deed to the county of Bladen for "two lots, Nos. 16 and 18 of the B. L. Herring subdivision, lying and being in Colly Township, listed in the name of W. T. Wallace for taxation for the year 1923." On 11 June, 1925, the county of Bladen executed a deed for the lots under the same description to the *feme* defendant, and this deed was registered on 2 July, 1925. W. T. Wallace and wife conveyed the lots to E. G. Wells, and Wells and wife thereafter conveyed them to the plaintiff Phillips, who secured the purchase price of $300 by a note and mortgage on the property.

In reference to the issue—"Is the plaintiff L. F. Phillips the owner in fee of the lands described in the complaint?"—his Honor directed an affirmative finding if the jury should find the facts to be as testified by the witnesses. The verdict was against the defendants and to the judgment given thereon they excepted and appealed.

*George R. Ward for plaintiffs.*
*Richard L. Herring for defendants.*

ADAMS, J. In 1923 W. T. Wallace had title to the land in suit, but he neither listed it for taxation nor authorized any one to list it for him. The township list-taker entered the property upon the tax sheet in the name of W. T. Wallace without the latter's direction, knowledge or consent; signed Wallace's name, and made a return of the tax sheet as if the property had been listed by the owner. The plaintiffs contend that the list-taker acted in this particular without authority of law, that in legal contemplation the property was not listed for taxation; that the sale for the nonpayment of taxes was void, and that the sheriff's deed conveyed no title. To support this position they rely upon *Rexford v. Phillips,* 159 N. C., 213, and subsequent cases in which it is cited and approved. In that case it was held that under the statute authorizing the sale of land for taxes it was necessary to show that the land had been listed for taxes in the manner prescribed by law; that there was no provision in the law for the listing of land by a township list-taker, and that the purported listing there attacked was void. The Court adhered to this principle in *Stone v. Phillips,* 176 N. C., 457, 460: "We consider it not improper to state further that we have held in *Rexford v. Phillips,* 159 N. C., 213, that land is not properly listed for taxation, rendering it subject to sale, unless it has been done according to the provisions of law—that is, by the owner or by his duly accredited agent in cases where listing by an agent is permissible. Revisal, secs. 5217-5218. And where neither has acted, the chairman of the board of county commissioners is authorized to list the same under section 5233, etc." The last two cases are approved in *Headman v. Commissioners,* 177 N. C., 261, in which the Court points out the distinction between a failure to list property for taxes and a mere listing in the wrong name when the property is sufficiently described. *Rexford's case* was again sustained in *Cherokee County v. McClelland,* 179 N. C., 127. *Justice Hoke* there said: "In *Rexford v. Phillips,* 159 N. C., 213, the tax deed was avoided because the land had never been put on the tax list by any one having proper authority for the purpose."

These cases are controlling unless there has been a material change in the statutes prescribing the method of listing property for taxation. As we construe the statutes, no radical change has been made affecting the point under discussion.

The question is to be determined by the law which was in force in 1923 and 1924. Public Laws 1923, ch. 12. This act contains the sections upon which rests the decision in *Rexford v. Phillips, supra.* Sections 5217, 5222, 5227 of the Revisal, cited in the opinion, are brought

forward in the act of 1923 as sections 23, 30, 27. They provide that the owner in person shall make a return of his property under oath, or in certain cases by an agent. Revisal 5218, act 1923, sec. 24. If the owner fails to make such return the chairman of the board of commissioners shall list the description and valuation of the property not given in for taxation. Revisal, 5233, act 1923, sec. 75. And if such property is omitted from the list the board of commissioners by the chairman shall add to the simple taxes of the current year all taxes due for preceding years with 25 per centum in addition to the tax with which the owner would otherwise be chargeable. Revisal 5232, act 1923, sec. 75.

The defendants say, however, that the list-taker has authority to list the property of a delinquent owner by virtue of the act of 1917. Public Laws 1917, ch. 234, sec. 25, act 1923, sec. 25, C. S., 7925. This statute makes it the duty of the county commissioners and the several list-takers "to be constantly looking out for property which has not been listed for taxation." Such property when discovered shall be duly placed upon the assessment list and properly assessed for taxation. By whom? By the chairman of the board of commissioners. He alone is charged with the duty of entering upon the tax list property not given in by the owner or his agent. Act 1923, sec. 75; *Rexford v. Phillips, supra.* He must not only list the property; he must impose the prescribed penalty. To this end the list-taker should upon discovery return to the commissioners any property not listed for taxation. Whether his discovery is before or after the tax list has been turned over to the sheriff he must return the unlisted property to the clerk of the board of commissioners. Sec. 75. The unavoidable conclusion, we think, is this: that the lots in controversy had not been legally listed when the purported sale was made, and that the sheriff's deed conveyed no title.

A tax deed, it is true, is conclusive proof that the manner of listing the property complied with the law, but it is only presumptive proof that the property had been listed. C. S., 8034. Here the undisputed evidence rebuts the presumption. The question was considered in *Rexford v. Phillips, supra,* and decided adversely to the defendant's contention. Revisal, 2909.

The defendants finally turn to the following clause in section 8034: "No person shall be permitted to question the title acquired by a sheriff's deed made pursuant to this chapter without first showing that he or the person under whom he claims title had title to the property at the time of the sale, and that all taxes due upon the property have been paid by such person or the persons under whom he claims title."

The party under whom the plaintiff claims had title when the sale was made, and the plaintiff was not required to show that he had paid all the taxes due at the time of the sale. The *feme* defendant's deed

was not made pursuant to or in conformity with the statutes applicable, and in such case the paragraph above quoted does not apply. It applies, not when the deed is void, but when the conveyance passes the title. The provision in reference to the authoritative listing of property is a basic requirement of the law. This conclusion is reached and upheld in *Rexford v. Phillips, supra,* and in *Price v. Slagle,* 189 N. C., 757. We find No error.