MARY DELL SIDBURY SKIPPER AND HUSBAND, N. R. SKIPPER; K. C. SIDBURY, ELIJAH B. WILLIAMS AND WINSTON WILLIAMS, AND OTHERS, THE HEIRS AT LAW OF THE LATE ELIJAH B. WILLIAMS, PETITIONERS, v. E. L. YOW AND WIFE, MRS. E. L. YOW.

(Filed 7 April, 1954.)

**1. Evidence § 43a—**

A recital or declaration in a deed is competent as evidence only against the parties and their privies and not in their favor, and may not be used against strangers unless such recitals fall within the ancient document rule, since as to strangers they are *res inter alios acta.*

**2. Ejectment § 17—**

In an action in ejectment, nonsuit is properly entered when plaintiffs fail to fit the description contained in the deeds on which they rely to the land claimed by them.

**3. Evidence § 6—**

In the absence of evidence of a will, it is presumed that a deceased person died intestate.

On rehearing.

The essential facts are stated in the original opinion, *Skipper v. Yow,* 238 N.C. 659, 78 S.E. 2d 600.

*Murray G. James, Nere E. Day, Jr., and Nere E. Day for plaintiff appellants.*

*Poisson, Campbell & Marshall, McClelland & Burney, Albert J. Ellis, and A. Turner Shaw for defendant appellees.*

BARNHILL, C. J.   This cause was not brought back to this Court for a rehearing on the merits but "only for the purpose of amplification of rules as to the extent to which recitals of fact in deeds are admissible as evidence of the facts recited, and as related to deeds involved on this appeal."

On the original appeal our decision affirming the judgment of nonsuit entered by the court below was made to rest primarily on the failure of plaintiffs to offer evidence tending to show that the land claimed by them lies within the bounds of the descriptions contained in, and was conveyed by, the deeds upon which they rely.   However, the Court discussed the status of the record in respect to evidence that those through whom plaintiffs claim were collateral heirs of Elijah Williams and as such inherited the land of which he died seized and possessed.

In the course of that discussion we said:

"That Williams never married is recited in one or more of the deeds. But this is not evidence.   It is nothing more than a self-serving declaration.   Recitals contained in a trustee's or mortgagee's foreclosure deed are by statute made *prima facie* evidence of the truth thereof.   We know of no rule, however, that gives the effect of evidence to the recitals in a fee simple deed."

We were then speaking of self-serving declarations.   Even so, in view of its abbreviated form and the generality of the last sentence, the statements contained in the quoted paragraph might prove to be troublesome and misleading to counsel and the court should plaintiffs elect to bring a new action as they are privileged to do under G.S. 1-25.

The deeds relied on by plaintiffs were admitted in evidence without objection and there was no request that their admission as evidence be

limited to any particular purpose. While technically the right of plaintiffs to claim title as collateral heirs of certain predecessors in title was challenged by the motion to nonsuit, neither the admissibility nor the force and effect of the recitals contained in deeds offered in evidence was discussed in the briefs on the original appeal. And, furthermore, the recitals in the deeds were not material to the decision of the case. The insufficiency of the evidence to identify the land claimed as the land embraced within the bounds of the descriptions contained in the deeds offered in evidence required an affirmance of the judgment entered in the court below.

We therefore withdraw as immaterial the quoted paragraph of the original opinion and any and all other references to the admissibility as evidence of recitals in deeds and other written instruments without prejudice to either party.

Of course, certain recitals contained in deeds, wills, and other instruments are admissible in evidence. Others are not. The trial judge should, in the first instance, make his ruling as to the admissibility of any instrument for the purpose of proving recitals therein contained so that, if challenged, we may review the same on appeal. *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488.

For the benefit of the court and counsel, we here make reference to some of the authorities on the subject.

The general rule as it prevails in this jurisdiction is stated in *Claywell v. McGimpsey,* 15 N.C. 89, as follows: "When it (a deed) is offered as evidence of the truth of matters recited, acknowledged, or declared in the deed it is then admissible only *against* parties and privies. When offered against others, it is opposed by one of the best established rules of law, founded on the principles of natural justice, that no one shall be prejudiced by *res inter alios acta*—by the acts, declarations or conduct of strangers."

"But there is no warrant of authority or reason for the position that a recital or description in a deed proves its own truth *in favor of* the party himself." *Ruffin, C. J.,* in *Crump v. Thompson,* 31 N.C. 491. *Freeman v. Ramsey,* 189 N.C. 790; *Fort v. Allen,* 110 N.C. 183; *Brinegar v. Chaffin,* 14 N.C. 108. See also *Hoyatt v. Phifer,* 15 N.C. 273; *Gaylord v. Respass,* 92 N.C. 553; *Sears v. Braswell,* 197 N.C. 515, 149 S.E. 846; *Ehrlich v. Mills,* 203 Ga. 600; *Tift v. Hardware Co.,* 204 Ga. 654; *Bruni v. Vidaurri,* 166 S.W. 2d 81; *Brown v. Connor,* 140 S.W. 2d 495; *In re Marsh,* 272 N.Y.S. 807 (recitals of intestacy and pedigree); *Soukup v. Union Inv. Co.,* 51 N.W. 167; *Carter v. Thompson,* 267 S.W. 790, 38 A.L.R. 1053 (recital that grantors were sole heirs); *Wrenn v. Howland,* 75 S.W. 894 (*contra* as to pedigree); II Mordecai's Law Lectures, 2d Ed.,

p. 805 *et seq.;* Stansbury, N. C. Evidence, sec. 152; 20 A.J. 792 *et seq.;* 32 C.J.S. 689; Thompson, Real Property, sec. 3186.

On recitals that grantor is unmarried see *Gorden v. Gorden,* 119 N.E. 312; *In re Hulett's Estate,* 69 N.W. 31; 20 A.J. 792.

There is, however, an exception to the general rule that recitals in a deed are not admissible in evidence as against strangers, commonly known as the ancient document rule. This rule was formulated long prior to the adoption of our registration statutes. Apparently it was first designed primarily to dispense with proof of the execution of ancient documents. *Plummer v. Baskerville,* 36 N.C. 252 (at p. 269). Even so, it has come to be considered an exception to the hearsay rule and under certain conditions renders recitals in deeds admissible even against strangers. *Sledge v. Elliott,* 116 N.C. 712.

The rule with all its limitations is stated and discussed in 20 A.J. 794, 786. See also Anno. 6 A.L.R. 1437; 32 C.J.S. 689; Stansbury, N. C. Evidence, sec. 152.

The judgment entered in the court below is reaffirmed for the reason plaintiffs failed to fit the descriptions contained in the deeds upon which they rely to the land claimed by them. That is, they have failed to offer evidence tending to show that the descriptions contained in such deeds embrace within their bounds the identical land in controversy.

Whether plaintiffs may prove by recitals in deeds upon which they rely, or otherwise, that certain of their predecessors acquired title to the *locus* by inheritance from the record owner is a question we leave open for future decision by the trial court if and when that question arises.

In this connection we do say, however, that in the absence of evidence of a will, it is presumed that a deceased person died intestate. *Barham v. Holland,* 178 N.C. 104, 100 S.E. 186.

Petition denied.