CHARLES N. COLLINS AND ROBERT L. RAY v. R. L. COLEMAN & COMPANY.

(Filed 23 September, 1964.)

**1. Descent and Distribution § 1;    Evidence § 4—**

Proof of the death of a person raises a presumption that such person died intestate and, nothing else appearing, such person's real estate passes to her descendants. G.S. 29-1(1).

**2. Taxation § 38—**

Proof that a person died intestate in January 1930 renders void an attempted foreclosure of tax liens for the years 1930 and 1931 when neither notice of listing nor foreclosure has been accorded intestate's heirs at law. G.S. 105-208.

**3. Judgments § 19—**

A judgment rendered against a person who was dead at the time of the institution of the action is void.

**4. Quieting Title § 2—**

Plaintiff's proof of a common source of title and that the defendants claim under a tax foreclosure against the title of such common source, with further proof that the tax foreclosure was void, precludes nonsuit.

APPEAL by plaintiffs from *Froneberger, J.,* February 1964 Civil Session of BUNCOMBE.

This is an action to remove a cloud from plaintiffs' title. At the conclusion of plaintiffs' evidence, the court allowed defendant's motion to nonsuit. Plaintiffs excepted and appealed.

*S. Thomas Walton for plaintiffs.*
*Loftin & Loftin for defendant.*

RODMAN, J. Plaintiffs allege: They are the owners in fee of Lot No. 9 of the Horney's-Hayes subdivision, as shown in Plat Book 5, p. 112, Register's office of Buncombe County; defendant has a lien on the property as assignee of the county's claim for taxes. They tendered the amount admitted to be owing.

Defendant denied plaintiffs owned the land; additionally it alleged: "That on September 29, 1934, an action was instituted in the Superior Court of Buncombe County against Effie Selby and husband for the purpose of foreclosing any interest Effie Selby had or may have had in the lot of land described in plaintiffs' complaint for failure to pay taxes lawfully levied and assessed for the years 1930 and 1931, the said action being entitled *'Board of Tax Supervision for Buncombe County v. Effie Selby and husband.'*

"That thereafter, the Superior Court of Buncombe County acquired jurisdiction of the defendant, Effie Selby, and acquired jurisdiction of the *res*, and that by subsequent orders and decree, all right, title and interest that the then owner had or may have had was foreclosed and sold and by *mesne* conveyances the title thereto was vested in the Board of Tax Supervision for Buncombe County, and the commissioner duly appointed in said action so instituted in the Superior Court of Buncombe County did, on October 7, 1940, convey all right, title and interest thereto to the Board of Tax Supervision for Buncombe County who thereafter and for valuable considerations, on August 2, 1962, conveyed the same to R. L. Coleman & Company and this answering defendant's indefeasible fee simple title as against all persons became vested in this defendant prior to any attempt on the part of plaintiffs to acquire the same by any purported conveyance subject thereto."

Plaintiffs offered the following evidence: (1) A deed, dated August 27, 1928, purporting to convey the lot in controversy to Effie Selby; (2) the quoted portions of defendant's answer; (3) a certified copy of a "Death Certificate" showing Effie Selby, a widow, residing at 24 Woodfin Place, died in Asheville in January 1930; (4) deeds, dated in September 1962, from Martha Selby Hammond, a widow, and Evans Selby and wife, purporting to convey the lands in controversy to plaintiffs; (5) parol evidence that Effie Selby died in January 1930;

she was a widow; her husband died in 1928; her surviving descendants were a son Evans, and a daughter Martha Hammond.

Plaintiffs' evidence was sufficient to show the parties claimed under a common source. If the evidence also showed plaintiffs had the better title from the common source, the court was in error in granting the defendant's motion. *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142.

Mrs. Selby's death having been shown, a presumption arose that she died intestate, *Chisholm v. Hall,* 255 N.C. 374, 121 S.E. 2d 726; *Barham v. Holland,* 178 N.C. 104, 100 S.E. 186; 26A C.J.S. 519; and her real estate passed to her descendants, G.S. 29-1, Rule 1, (Vol. 2A, p. ·106).

If the evidence shows the invalidity of the action, instituted in September 1934 against Effie Selby and her husband, to foreclose Buncombe County's lien for taxes for 1930 and 1931, plaintiffs have shown a better title from the common source.

The procedure for the assessment and collection of taxes on real estate is fixed by statute. The procedural statutes dealing with taxes assessed for the years 1930 and 1931 are the Machinery Acts of 1929 and 1931, C. 344, P. L. 1929, and C. 428, P. L. 1931.

Sections 400 and 500 of those Acts required real estate to be listed for taxation to the person owning the property on April 1st, c/f G.S. 105-208. The owner was obligated to list: sec. 507(1), c/f G.S. 105-301(a). If the owner failed to list, public officials could list after notice to the owner, sec. 521(3), Machinery Acts of 1929 and 1931, c/f G.S. 105-331(b). "The Legislature provided these safeguards for the just protection of the taxpayer." *Rexford v. Phillips,* 159 N.C. 213 (217), 74 S.E. 337. "The provision in reference to the authoritative listing of property is a basic requirement of the law." *Phillips v. Kerr,* 198 N.C. 252, 151 S.E. 259. The law in force when the property should be listed is determinative of the rights of the parties. *Madison County v. Coxe,* 204 N.C. 58, 167 S.E. 486; *Phillips v. Kerr, supra.*

When Effie Selby died, her real estate passed immediately to her heirs at law, subject only to the rights of her creditors to subject it to the payment of her debts. *Baker v. Murphrey,* 250 N.C. 346, 108 S.E. 2d 644.

On plaintiffs' evidence, Mrs. Selby's property was not liable to Buncombe County for taxes. Mrs. Selby's children owned the land when tax liability for the years 1930 and 1931 accrued.

An attempted foreclosure of an asserted tax lien on property listed in the name of a dead person, and not by the true owner, when neither notice of the listing, nor foreclosure has been accorded the owner, is void. *Wake County v. Faison,* 204 N.C. 55, 167 S.E. 391. "[T]he law

as interpreted and applied in this State, has uniformly commanded a day in Court for parties in interest." *Brogden, J.,* in *Guy v. Harmon,* 204 N.C. 226, 167 S.E. 796; *Beaufort County v. Mayo,* 207 N.C. 211, 176 S.E. 753; *Wendell v. Scarboro,* 213 N.C. 540, 196 S.E. 818; *Johnston County v. Stewart,* 217 N.C. 334, 7 S.E. 2d 708; *Wilmington v. Merrick,* 231 N.C. 297, 56 S.E. 2d 643; *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717; *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144; *Boone v. Sparrow,* 235 N.C. 396, 70 S.E. 2d 204; *Rand v. Wilson County,* 243 N.C. 43, 89 S.E. 2d 779.

As said in *Page v. Hynds,* 252 N.C. 23 (28), 113 S.E. 2d 52: "A valid judgment may be rendered in favor of a party who is dead when the judgment is entered. A judgment against a party rendered after his death is, unless saved by the statute (G.S. 1-225) irregular and may be vacated by motion. *Wood v. Watson,* 107 N.C. 52. But a judgment against one dead when the original process issued is a mere nullity. It can bind no one."

Defendant, by its answer, based its claim of title on title vested in Effie Selby on April 1, 1930. Plaintiffs' evidence shows Effie Selby's title to the land in controversy terminated in January 1930.

Plaintiffs' evidence shows they have a superior title from a common source.

Reversed.