*45
 
 Ruffin, Chief-Justice.
 

 Payment of an open account ■after notice of a specialty is a
 
 devastavit.
 
 The question is therefore, whether payment of a judgment
 
 quando
 
 on an open account, after such notice, be different. Such a judgment does not fix the executor with assets ; and if they be subsequently received, the executor is not chargeable in debt suggesting a
 
 devastavit
 
 of those assets, but they must first be ascertained on a
 
 sci. fa.
 
 on the judgment
 
 quando,
 
 suggesting that they have come to hand. Consequently on such a
 
 sci. fa.
 
 the executor is not absolutely liable on proof simply of assets received; but he may still show their application to other debts in a course of administration.
 
 (Parker
 
 v.
 
 Atfield,
 
 1
 
 Salk.
 
 312,
 
 Ld. Raym. 679.)
 
 If such be the case, notice of a bond before Suit on the judgment
 
 quando
 
 on open accounts, or payment of it, must make the assets applicable to the bond; because they have not been applied, nor conclusively declared by law to be applicable to the open account.- A specialty creditor is preferred in law to one by simple contract; but he loses that preference if the latter receives payment, or gets a judgment attaching on the assets. Why ? — not for any reason arising out of the merits of the respective creditors; but for the protection of the executor, who ought not to be liable to one
 
 creditor, after
 
 honestly paying another in ignorance of the superior claims of the former_ But that cannot be affirmed as to him, in whose power it still is, to pay the preferable creditor, and protect him self by plea in the suit of the other. Such is the case when the executor gets notice of a bond after a judgment
 
 quando
 
 upon open account, because upon the
 
 sci. fa.
 
 suggesting assets, he can plead the outstanding bond. We think therefore, the judgment must be affirmed.
 

 Per Curiam — Judgment affirmed.