D. FRASER et als. v. W. J. BEAN, Adm'r, et als.

*Statute of Limitation—Mortgage—Parties.*

1. A mortgagee, after the death of the mortgagor, has a right to at once foreclose the mortgage against the heirs at law, and this without regard to the right of the heirs to have the mortgage debt paid out of the personal property of the decedent.

2. The administrator is not a necessary party in an action by a mortgagee to foreclose a mortgage after the death of the mortgagor.

3. An action to foreclose a mortgage, where no part of the mortgage debt has been paid and the mortgagor remains in possession, is barred in ten years from the forfeiture, and the same rule applies where the mortgagor died before the time expired and the action is brought against his heirs.

4. The provisions of *The Code,* §152, par. 3, only bars an action to foreclose the mortgage, and does not bar an action to recover the debt secured by the mortgage.

5. Where the heir successfully pleads the statute of limitation to an action brought to foreclose a mortgage executed by his ancestor, but a

judgment for the debt is obtained against the administrator; *quœre*, what will be the result of a proceeding by the administrator to sell the land to make assets to pay the judgment.

(*Averett* v. *Ward*, Busb. Eq., 192; cited and approved).

CIVIL ACTION, heard by *Montgomery, Judge*, on a case agreed, at Fall Term, 1886, of BURKE Superior Court.

This action was brought to foreclose a mortgage of real property only, made to secure certain debts therein specified. The mortgage was executed by Archibald Kincaid on the 17th of June, 1873, and the forfeiture therein provided for, happened on the 17th of December of the same year. The mortgagor, next after its execution, remained in possession of the land during his life-time, as did his heirs at law ever afterwards, and no part of the mortgage debt was paid by any person. He died intestate in March, 1883, and the defendant Bean qualified as his administrator in February, 1885.

This action was begun on the 14th of July, 1885, more than ten years next after the forfeiture of the mortgage happened.

The action is brought against the heirs at law of the mortgagor, who plead and rely upon the statute of limitation, (*The Code*, §152, par. 3,) barring actions on mortgages, the administrator of his estate, and A. J. Corpening, who is alleged to be, and is, in possession of the land, as it seems, with the heirs at law.

The parties waived a jury trial, and the Court having found the facts substantially as above stated, and all defences, other than the statute of limitation, having been waived by the parties, upon consideration, the Court gave judgment, of which the following is a copy :

"It is considered by the Court, that as to the heirs at law of the said Archibald Kincaid, and as to A. J. Corpening, the action is barred by the statute of limitation, and that

they go hence without day and recover their costs of action. That as to the administrator, W. J. Bean, it is further considered by the Court, that there is due the plaintiffs from the estate of said Archibald Kincaid the sum of $382.16, of which sum $214.16 is principal and $168.00 is interest, with interest on said principal until paid."

From which judgment plaintiffs appealed.

*Mr. S. J. Ervin,* for the plaintiffs.
*Mr. John T. Perkins* filed a brief for the defendants.

MERRIMON, J., (after stating the facts). In equity, the mortgage of the land in question was simply a security for the debt to the mortgagee, secured by it.

Although the legal title to the land was in the latter, the mortgagor had in his life-time the equitable estate, which he had not disposed of at the time of his death, and which descended to his heirs at law They stood, as to the land and mortgage, in the place of their ancestor, and the plaintiffs' remedy by a foreclosure of the mortgage, was directly against them, whatever additional remedy they may have against the administrator, and without regard to the right of the heir to have the mortgage debt paid out of the personal estate of the intestate. The cause of action—the right of the mortgagee to foreclose the mortgage—survived against the heir, not against the administrator. Hence the latter was not a necessary party, as was decided in *Averett* v. *Ward,* Bus. Eq., 192.

The statute of limitation (*The Code,* §152, par. 3,) provides, that actions to foreclose a mortgage like the one under consideration, must be brought "within ten years after the forfeiture of the mortgage," if the mortgagor has been in possession of the property, and when no part of the mortgage debt has been paid, as in this case. So as more than ten years elapsed next after the forfeiture of the mortgage

in this case, and before the commencement of this action, it is very obvious that if the mortgagor had been alive at the time it was begun, and it had been brought against him to foreclose the mortgage, he might have availed himself of the statute of limitation; and as his heirs stand in his place as to the cause of action of the plaintiffs—their right to foreclose the mortgage—they may do likewise, just as the administrator might do in a similar case, when an action is brought against him upon a debt due from his intestate, barred by the statute of limitation. This is so, because the cause of action survives against them, and involves the estate that descends and belongs to them, subject to the charge of the plaintiffs' mortgage debt upon it.

It should be observed that this statute of limitation bars the action to foreclose the mortgage—it is not a bar to an action to recover the money due upon the debt that is embraced by the mortgage and which it was intended to secure. The mortgage is but a security for the debt, and the right of action to enforce this is what is barred.

The complaint as to the defendant Corpening, simply alleges that he was in possession of the land, and he admits in his answer that he was, but he does not plead the statute of limitation. The appellants' counsel insisted in the argument, that the Court ought not, therefore, to have given judgment in his favor. That it did, is not assigned as error in the record. Moreover, it seems that by common consent of parties, the right of the plaintiffs was made to turn upon the question of the statute of limitation. Hence all other defences were waived. It so appears in the record.

As to what effect the bar of the plaintiffs' action to foreclose the mortgage, will have upon the right of the administrator to have a license to sell the land to make assets to pay debts, including the judgment the plaintiffs obtained against the administrator in this action, we express no opinion. Judgment affirmed.

    No error.                                        Affirmed.