WILLIAM H. HOLDEN

*v.*

LOUISA DUNN *et al.*

*Filed at Ottawa, January 19, 1893.*

1. DOWER — *in surplus of proceeds of mortgaged premises after payment of mortgage under foreclosure sale.* Where a person purchases land subject to a mortgage, which he assumes to pay and discharge, and dies after decree that the property be sold under a power of sale if the sum found to be due is not paid within the time fixed therein, but before any sale is made, the mortgaged premises will descend to his

heirs, subject to the encumbrance of the decree, and his widow will be entitled to dower in any surplus of the sale money after satisfying the decree as against judgment creditors of her husband.

2. If, on a sale of land under a decree of foreclosure, the mortgaged premises sell for a greater sum than is necessary to satisfy the mortgage debt, the excess will represent and take the place of so much property as it is for. In such case the money in excess of the mortgage debt is the representative of the land, and will pass to the widow and children of the owner of the equity of redemption, if the sale is not made before his death, and not to the administrator.

3. The interest of a mortgagee is merely the right to subject the mortgaged premises to the payment of his debt, and before entry for condition broken, or purchase under sale pursuant to decree, it is not such an interest in land as may be sold on execution or mortgaged, but the mortgagor's title is such an interest, and, being such, it is subject to dower under our statute.

4. SAME — *decree of foreclosure — intervening petition of widow for dower in surplus.* Where a decree was entered against a husband and wife for the foreclosure of a mortgage, which was a prior lien, and against which the wife had no right of dower, and the decree directed the payment of the proceeds in satisfaction of the mortgage and the surplus money to other creditors of the husband, as to whom there was no release of dower, and he died before any sale, whereby the widow was entitled to dower against such other creditors, it was held no error, on her intervening petition, to so modify the original decree as to give her dower in any surplus of the proceeds of the sale, after payment of the mortgage debt.

5. MORTGAGE SALE — *under conditional decree — surplus distributed as realty.* A conditional decree authorizing the sale of land under a power, in the event that the amount found to be due on a mortgage is not paid, will not operate as an equitable conversion of the mortgaged premises into personalty.

6. CONVEYANCE — *subject to a mortgage — rights of grantee.* When a person takes a sale or conveyance of land subject to a mortgage of the vendor, which he assumes to pay, he will be placed in the shoes of his vendor, and his title will be good as to everybody but the mortgagees.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

After the intermarriage of John W. and Louisa Dunn, he purchased of George W. Cass, for a consideration of $15,775, ten acres of land in the south-west part of the city of Chicago, known as block 14 of Steel's subdivision of the south-east

quarter, and the east half of the south-west quarter of section 26, township 39, north range 13, east of the third principal meridian, subject to a trust deed to Frank M. Elliott, dated October 5, 1888, to secure $7500, which encumbrance Dunn assumed and agreed to pay as part consideration of the conveyance from Cass to him.

This trust deed, given by Cass to Elliott, and which was assumed by Dunn, was given to secure the payment by Cass to Isabella Steel, Charles S. Steel and Mary F. Steel, of his three promissory notes, dated October 5, 1888, for the principal sum of $2500 each, payable on or before one, two and three years after date, with interest at the rate of six per cent per annum.

After Dunn's purchase from Cass he paid to the Steels the first of the notes due in October, 1889, and also paid the semi-annual interest due in April, 1890, on the remainder of the notes. Dunn having failed in business, default was made in the payment of the second of the notes, which fell due October 5, 1890, and about the same time numerous judgments were entered against him. The Steels, and Elliott, as trustee, on the 17th day of October, 1890, filed their bill in the Superior Court of Cook county for a foreclosure of the trust deed. They made defendants to this foreclosure proceeding, Cass, John W. Dunn, Louisa Dunn, this defendant in error, and other persons in possession, and who had acquired liens on the premises subject to the trust deed.

In that suit such proceedings were had that a decree was entered on the 30th day of March, 1891, finding that there was due to the complainants on account of their notes and trust deed, the sum of $5295.64, which should be first paid out of the sale of the premises, and that there were due to certain other defendants from the said John W. Dunn certain amounts on account of claims for mechanics' liens on the premises for buildings erected by him, and certain amounts on account of certain judgment liens on judgments obtained

against Dunn ; and it was ordered, adjudged and decreed, that unless Cass or Dunn, or some of the other defendants, should within five days pay the sum of $5295.64, with interest thereon at six per cent, due the complainants, the Steels, and should also pay the complainants their solicitors' fees and costs, that the premises, or so much thereof as might be necessary, should be sold by the master in chancery, and that out of the proceeds the master should make distribution and payment in the following order:

1st. Master's fees on the sale, costs and solicitors' fees.

2d. Mary E. Cork, mechanic's lien, $589.62.

3d. William Kerr, mechanic's lien, $358.51.

4th. Complainant's trust deed debt, $5295.64.

5th. The Chicago National Bank, judgment lien, $7411.56.

6th. First National Bank, judgment lien, $4656.18.

7th. Union Trust Company, judgment lien, $7291.31.

8th. William H. Holden, judgment lien, $7804.08.

The surplus to be paid subject to the further order of the court.

After that decree of sale was entered, and before any sale made pursuant to that decree, John W. Dunn, the husband of Louisa Dunn, and the owner in fee, died intestate leaving Louisa Dunn, his widow, and Eva Dunn, Belle Dunn and John W. Dunn, Jr., his children and only heirs at law.

No proceedings were taken in the matter until an order was entered in the cause at the instance of the complainants and Stephen W. Rawson, whereby the rights of the complainants were assigned to Rawson, and notices of the decree were, pursuant to the statute, served upon the heirs of John W. Dunn, and upon the administratrix of his estate. Thereupon Louisa Dunn, by leave of court, filed her petition in the cause, setting up the facts as above stated, and alleging that John W. Dunn, being seized in fee of the premises, by virtue of her marriage and upon the death of John W. Dunn, she became and was entitled to a vested dower in the lands above described as

against all persons except the holder or holders of the note or notes secured by the trust deed above described, and that such dower had not been assigned to her or set off, and that she had not received any compensation therefor.

She also alleged that the value of the premises was $30,000, and that there ought to be a surplus on a sale of the premises, over and above the amounts due on said notes, and she prayed that her rights as to any surplus over and above the trust deed and solicitors' fees, costs and mechanics' liens should be protected and set aside and invested, and that she might have and recover her dower in the premises, and for other relief.

Demurrers were filed to the petition by all of the defendants thereto, and on the hearing of the same in the Superior Court the demurrers were overruled ; and the defendants, electing to stand by the demurrers, a decree was entered, taking the petition as confessed, and decreeing that the original decree should be enforced and carried into effect, and that the premises should be sold forthwith by the master under and by virtue of the decree, and that out of the proceeds he should first pay the amounts due on account of the notes, costs, attorneys' fees and mechanics' liens, and out of the remainder he should divide and set apart one-third thereof and report the same for the further order and · direction of the said Superior Court, the same to be invested under the direction of the court, and the interest and income thereof to be paid to Louisa Dunn for her life as dower in the premises, and out of the remainder he should pay the sundry claims and demands in the order set out in the original decree of · sale, and that upon the death of Louisa Dunn the one-third of said remainder of said proceeds, set apart for her use, decreed to be divided and set off and invested under the direction of said court, should be paid to the defendants in the same shares and proportions that the same would have been paid in the original decree had not the same been divided, set off and invested as aforesaid.

This writ of error is sued out to reverse that decree.

---

---

Messrs. HOLDEN & BUZZELL, for the plaintiff in error:

When complainants sold and conveyed the land in question to Cass, and took their encumbrance upon the land for the purchase money, the surplus arising upon a sale in foreclosure was made personal property. Dunn acquired title subject to the arrangement made by the complainant with Cass. He never acquired a dowable title to the land. *Kauffman* v. *Peacock*, 115 Ill. 214; *Walters* v. *Walters*, 132 id. 481; *Selb* v. *Montague*, 102 id. 450; *Hugunin* v. *Cochrane*, 51 id. 305; *Baker* v. *Copenbarger*, 15 id. 104; *Rankin* v. *Rankin*, 36 id. 299; *Jennings* v. *Smith*, 29 id. 121; *Haward* v. *Peavey*, 128 id. 435; *Matter of Corrington*, 124 id. 367; *Cox* v. *Garst*, 105 id. 348; *Stribling* v. *Ross*, 16 id. 122; *Nicoll* v. *Ogden*, 29 id. 377; *Atkin* v. *Merrell*, 39 id. 75; *Strawn* v. *Strawn*, 46 id. 412.

The Superior Court had no power to change the decree of sale after the term at which it was rendered. *Doane* v. *Walker*, 101 Ill. 637; *Allen* v. *Allen*, 112 id. 329; *Donoghue* v. *City*, 57 id. 238; *Lilly* v. *Shaw*, 59 id. 76.

Messrs. H. T. & L. HELM, for the defendant in error, Louisa Dunn:

On the foreclosure of a mortgage in which the wife has released her dower, she is entitled to dower in the surplus as against other creditors having liens. *Bank of Commerce* v. *Owens*, 31 Md. 320; 1 Washburn on Real Prop. 165, 182, 246.

The rule allowing dower in equities of redemption prevails generally in the United States. 1 Scribner on Dower, 467, 472, 474; *Waters* v. *Stewart*, 1 Caines' Cas. 47.

An equity of redemption is liable to sale on execution. *McClure* v. *Engelhardt*, 17 Ill. 47; *Roberts* v. *Hughes*, 81 id. 130.

But the interest of the mortgagee in the land is not subject to sale. *Jackson* v. *Williams*, 4 Johns. 41; *Nicholson* v.

*Walker*, 4 Bradw. 404; *King* v. *Cushman*, 41 Ill. 31; Freeman on Executions, secs. 118, 184.

The surplus in this case is not personal property but realty. Leigh & Dalzell on Equitable Conversion, 89; 5 Law Lib. 146; *Brown* v. *Bigg*, 7 Ves. 279; *Matson* v. *Smith*, 8 Beav. 374; *Wright* v. *Rose*, 2 Sim. & Stu. 323; *Kauffman* v. *Peacock*, 115 Ill. 212; *Titus* v. *Neillson*, 4 Johns. Ch. 452.

In equity the prior payment of mortgage debt not necessary to assignment of dower. *Bell* v. *Mayer, etc.*, 10 Paige, 55; *Bank* v. *Owens*, 31 Md. 320.

The decree of sale was not changed or modified. The decree of foreclosure did not assume to divest Mrs. Dunn of her then inchoate right of dower. It was impossible that it could have that effect.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The first question, and, in our opinion, the controlling one upon this record, is whether the mortgaged property, upon the death of Dunn, after decree of sale, but before sale made pursuant thereto, descended as real estate to his widow and heirs at law.

The doctrine of equitable conversion as recognized in *Baker* v. *Copenbarger*, 15 Ill. 104; *Rankin* v. *Rankin*, 36 id. 299; *Jennings* v. *Smith*, 29 id. 121; *Haward* v. *Peavey*, 128 id. 435, and *Matter of Corrington*, 124 id. 367, cited by counsel on behalf of plaintiff in error, can, manifestly, have no application to this question, for the reason that the conversion directed by the decree of sale was conditional — that is, it merely authorized the power of sale to be exercised for the purposes contemplated by the mortgage — and did not require a sale absolutely, as was required in those cases. The property was to be sold under the decree only in the event that the amount due on the mortgage, and the costs, should not be paid at or before the time of the sale. Payment of those sums at any time before sale completed would satisfy the decree, extinguish the

power of sale, and thus prevent the conversion. And so, necessarily, until after sale, there could be no certainty that there would be a sale, and the interest of the owner in the land would remain simply burdened with the decree — to be sold if the money should not be paid as provided by the decree, and not to be sold if that money should be thus paid. The decree simply authorized the power of sale to be exercised — it did not compel it to be exercised at all events — and so, in principle, the case is not different than it would have been without decree before the enactment of our present statute requiring such mortgages to be foreclosed.

Dunn's purchase and assumption of the mortgage debt placed him in the shoes of Cass. 1 Jones on Mortgages, sec. 740. His title was good as to everybody but the mortgagees. Their interest is merely the right to subject the land to the payment of their debt, and before entry for condition broken, on purchase under sale, pursuant to decree, it is not such an interest in land as may be sold on execution or mortgaged. *King* v. *Cushman*, 41 Ill. 31. But Dunn's title was such an interest. *Finley* v. *Thayer*, 42 Ill. 350.

And being such an interest, it was the subject of dower under our statute. Sec. 1, chap. 41, R. S., 1874.

Dunn having died before sale made, there was no conversion of the estate, and it must, therefore, have descended as real estate to his widow and heirs in precisely the same condition in which he held it after decree rendered. Suppose that it had been found practicable, at the sale, to have satisfied the mortgage by the sale of a divisible part of the land, and it had been thus satisfied. This, it is clear, would have disencumbered the property not sold ; and it must be equally clear that the property thus disencumbered would have belonged to the widow and heirs under the statute of descents. No one but the mortgagee could have objected to such a sale. So, it can, upon like principle, concern no one but the widow and heirs and the mortgagee, whether the mortgagee, or other purchaser at

the sale, instead of bidding the amount of the mortgage debt and costs for a part of the property, bids a sum greater than that amount for the whole of the property. The excess must represent and take the place of so much property as it is for ; and as was the interest in the original property, so must the interest be in this money — its representative. *Pickett* v. *Buckner*, 45 Miss. 236. And this is in accordance with the ruling in *Titus* v. *Neillson*, 4 Johns. Ch. 452.

It is unnecessary to consider what would have been the relative rights of these parties, under certain circumstances, had redemption been made from the sale; for there is no perceivable connection between rights in the excess above the indebtedness, paid at a mortgage sale, and the rights growing out of a redemption from such a sale. The widow and heirs of Dunn stand, as respects the sale and a redemption from it, precisely where he would have stood had he lived. Since, therefore, if he had lived and not redeemed from the sale, he would not have been thereby deprived of the excess paid at the sale above the amount of mortgage debt and costs, it is impossible that they can be.

The question of the rights of the widow in the excess paid at a sale under a mortgage, subsequent to the death of her husband, was not presented by the record in *Pahlman* v. *Shumway*, 24 Ill. 131.

We do not regard it material to determine that the encumbrance, under which the sale was here effected, was, strictly speaking, a purchase money encumbrance. We deem it enough that it was an encumbrance which had priority over the claims of all others, and that, except as to that encumbrance, Louisa Dunn was entitled to dower in the lands affected by it.

It is objected that it was erroneous to modify the decree entered in the lifetime of Dunn. When that decree was entered, Louisa's claim to dower was inchoate only. It could not then be certainly known that it would ever be consum-

mate, and that decree, therefore, did not have and could not have the effect of depriving her of dower.

She does not seek a readjudication of questions passed upon by that decree, but simply the assertion of rights with respect to its subject-matter which have arisen since.

The decree is affirmed.

*Decree affirmed.*