## WOODLAND & COMPANY v. SOUTHGATE PACKING COMPANY.

### (Filed 26 September, 1923.)

**Evidence—Questions for Jury—Findings of Judge—Appeal and Error.**

> Upon the denial of liability as a partnership by defendant for fertilizer sold and delivered, the evidence was conflicting as to whether it was purchased and used by the firm, or one of two members thereof, presenting an issue of fact to the jury: and *Held*, error for the judge, without the consent of the parties, to find that it was a partnership indebtedness and render judgment accordingly.

APPEAL by defendant from *Grady, J.,* at June Term, 1923, of CARTERET.

Civil action to recover of the defendant, Southgate Packing Company, the purchase price of certain commercial fertilizer, alleged to have been sold to the defendant by the plaintiff. The defendant denied liability. From a judgment in favor of plaintiff and against T. S. Southgate, the said defendant appealed.

*C. R. Wheatly for plaintiff.*
*Julius F. Duncan for defendant.*

STACY, J. There was allegation and proof to the effect that plaintiff sold and delivered certain fertilizer to the Southgate Packing Company, a partnership composed of T. S. Southgate, G. D. Potter, J. C. Malbon and Elias Etheridge. There was other evidence tending to show that T. S. Southgate was the sole owner of the Southgate Packing Company, and that the fertilizer in question was shipped to and received by said packing company. G. D. Potter, a witness for the defendants, testified that he had been manager of Southgate Packing Company for 12 years, but that the fertilizer here in question was purchased by him individually and not for the packing company.

At this point the court stopped the trial, found as a fact that G. D. Potter was the general agent of Southgate Packing Company, and rendered judgment for the amount of plaintiff's claim against T. S. Southgate as the sole owner of the packing company. Defendant excepted and appealed.

The judgment appealed from is against T. S. Southgate and not against G. D. Potter, who admitted his individual liability. The jury returned no verdict in the case. There was no agreement that the judge should hear the evidence and find the facts, and the defendants have not waived their right to a jury trial. Hence we think the cause must be remanded for another hearing. Art. I, sec. 13, State Constitution.

In this jurisdiction, as was the rule at common law, it is the province of the jury to determine the facts, and that of the trial court to state the law. And where the testimony is conflicting, as it is here, the case presented is one for the jury. *Russell v. R. R.,* 118 N. C., 1098.

New trial.