E. O. HINKLE v. ANDREW W. (W. A.) WALKER AND WIFE, MARTHA J. WALKER, J. H. GREER AND J. D. REDWINE, LEXINGTON PERPETUAL BUILDING & LOAN ASSOCIATION, J. A. McCRARY, TRUSTEE FOR LEXINGTON PERPETUAL BUILDING & LOAN ASSOCIATION, JOHN A. McCRARY AND MARGARET McCRARY, EXECUTORS OF CHARLES E. McCRARY, AND P. R. RAPER, EXECUTOR OF EMERY E. RAPER.

(Filed 25 May, 1938.)

1. **Executors and Administrators § 8—**

Upon the death of the owner of land title thereto vests either in his devisees or his heirs at law, but not in his executor.

2. **Mortgages § 31b—Devisees or heirs at law of deceased holders of record title must be made parties in action to foreclose mortgage.**

In an action to foreclose a mortgage, the joinder of the executors of the holders of the record title, who were dead at the time of the institution of the action, without the joinder of their devisees or heirs at law, fails to state a cause of action either against the executors or against those through whom record title was derived, and defendant appellants' demurrer *ore tenus* in the Supreme Court is allowed.

3. **Executors and Administrators § 8—**

An adjudication that persons dead at the time of the institution of the action were the owners of the fee in the land in controversy is error.

APPEAL by the plaintiff from *Bivens, J.,* at February Term, 1938, of DAVIDSON.

*J. M. Daniel, Jr., for plaintiff, appellant.*
*Don A. Walser for defendants, appellees.*

PER CURIAM. This is an action to foreclose a mortgage on real estate. The plaintiff alleges, *inter alia,* that the record title of the land sought to be sold is in the names of Charles E. McCrary and Emery E. Raper, now dead. The complaint further alleges that Charles E. McCrary and. Emery E. Raper derived title through the foreclosure of a deed of trust executed by the former owners of the land sought to be sold, Andrew W. (W. A.) Walker and wife, Martha J. Walker, to J. A. McCrary, trustee for Lexington Perpetual Building & Loan Association. The defendants

Lexington Perpetual Building & Loan Association, J. A. McCrary, trustee of Lexington Perpetual Building & Loan Association, John A. McCrary and Margaret McCrary, executors of Charles E. McCrary, and P. R. Raper, executor of E. E. Raper, filed answer in which they deny the validity of the mortgage sought to be foreclosed for the reason that it was not properly indexed. In the Supreme Court said answering defendants demurred *ore tenus* to the complaint for that neither the heirs at law nor the devisees of said Charles E. McCrary or Emery E. Raper are named in the complaint or made parties defendants, and for that reason the complaint does not state facts sufficient to constitute a cause of action against the demurring defendants.

If the record title to the land sought to be sold is in the names of Charles E. McCrary and Emery E. Raper, and they are both dead, then it follows that either their heirs at law or devisees succeeded to their title, and that the complaint does not state a cause of action against the executors of those in whose names is the record title, nor against those through whom such record title is derived. Title to land of decedents does not vest in their executors but in their heirs at law or devisees. The demurrer is therefore sustained.

The plaintiff, appellant, excepts to the judgment entered on the cross action of the defendants, which contains the following: "It is further ordered, adjudged and decreed that Charles E. McCrary and Emery E. Raper are the owners in fee simple of said property, free and clear of the mortgages hereinbefore referred to, said property being more particularly described as follows": (Here follows the description of the land described in the complaint.) The error of this adjudication is obvious. Charles E. McCrary and Emery E. Raper, both being dead at the time of the institution of this action, could not be adjudged to be the owners of the land sought to be sold.

The demurrer is sustained and the judgment on the cross action is

Reversed.