THE FIRST NATIONAL BANK OF THOMASVILLE v. M. W. STONE
AND WIFE, BONNIE E. STONE.

(Filed 25 May, 1938.)

1. **Mortgages § 31e—Commissioner is agent for the court and must report all his acts to the presiding judge who controls and directs sale.**

An action to foreclose is essentially equitable in its nature, and a sale under decree is in effect sale by the court, and the commissioner, who acts as agent of the court, must report all his acts to the presiding judge, who alone has power to enter any order or decree and who is required to exercise a sound discretion for the protection of the rights of all the parties, and who directs and controls the sale made under its order by the commissioner appointed by it.

2. **Mortgages § 31f—Bidder at sale under decree is but proposed purchaser and has no rights in the land until confirmation.**

The last and highest bidder at a foreclosure sale under decree of court is but a proposed purchaser, and the bid constitutes but a proposition to buy and confers no right whatever upon the bidder until accepted and

sanctioned by the presiding judge, but when confirmation is made the bargain is complete and the confirmation relates back and the purchaser takes title as of the date of sale.

**3. Mortgages § 31g—Only presiding judge may confirm sale under decree.**

The power to confirm a sale under a decree for foreclosure may not be delegated to the commissioner or to the clerk, but confirmation is the act of consent and approval of the court, which it may give or withhold in its discretion within the limitations prescribed by law, but the court may confirm a sale *nunc pro tunc*, in which case the order relates back to the date of sale.

**4. Ejectment § 14—Introduction of decree for sale without confirmation of court having jurisdiction held insufficient to show title under the sale.**

Plaintiff in ejectment claimed title under decree for foreclosure of a deed of trust on the lands, and introduced in evidence the judgment roll showing decree of sale, sale by commissioner, and approval by the resident judge of the clerk's order of confirmation. *Held:* The evidence fails to show confirmation of the sale by a judge having jurisdiction, and the sale not being valid until such confirmation, and it not appearing that an order of confirmation entered by the trial court was introduced in evidence by subsequent reintroduction of the judgment roll, the evidence fails to show any vested title in plaintiff.

**5. Same: Jury § 5—Court must submit issues to jury even when evidence is sufficient to warrant directed verdict in plaintiff's favor.**

Even conceding that the evidence in an action in ejectment is sufficient to warrant a directed verdict in plaintiff's favor, the court may not take the case from the jury, find the facts and render judgment thereon, but must submit appropriate issues to the jury under such charge as it deems proper, and its failure to do so is a denial of a substantial right.

**6. Appeal and Error § 9—Supreme Court may not consider correctness of order entered in action in which no appeal is taken.**

In this action in ejectment plaintiff claimed under deed from the purchaser at a sale under decree of foreclosure of a deed of trust on the lands. Defendant denied the validity of the confirmation of the sale. The court during the progress of the trial entered an order of confirmation of the sale. *Held:* Even though the order of confirmation was entered during the progress of the trial in ejectment, it was in fact entered in the foreclosure action, and the question of the validity of the order of confirmation may be presented only by appeal in that action, and may not be considered on appeal from the judgment in the action in ejectment.

APPEAL by defendant from *Bivens, J.,* at February Term, 1938, of DAVIDSON. New trial.

This is a common law action of ejectment instituted by the plaintiff against the defendants for the possession of the property described in the complaint. The defendants filed answer denying that the plaintiff is the owner or entitled to the immediate possession of said premises.

On 14 February, 1930, defendants executed and delivered to the Page Trust Company a note in the sum of $1,850, secured by trust deed conveying said property to Ford M. Myers, trustee, which trust deed contained full power of sale upon default. On 9 November, 1931, Page Trust Company assigned the said note and the deed of trust securing the same to G. E. Carter. On the same date Ford M. Myers, trustee, transferred and assigned his interest as trustee in the said deed of trust to the said G. E. Carter. Upon default in the payment of said note G. E. Carter instituted an action against the defendants in the Superior Court of Davidson County to foreclose said trust deed. Upon issues being submitted to and answered by the jury in favor of the plaintiff a decree was entered appointing J. M. Daniel, Jr., commissioner, with directions to sell said land for the satisfaction of said judgment. The said commissioner offered said land for sale at public auction as directed on 3 August, 1936, at which time G. E. Carter was the last and high bidder. The commissioner reported the sale to the clerk, who, upon receiving a raised bid, ordered a resale 13 August, 1936. The land was resold 29 August, 1936, at which time G. E. Carter again was the highest bidder. The commissioner reported this sale to the clerk, who, after receiving a raised bid, ordered a resale 9 September, 1936. The land was again resold on 25 September, 1936, and G. E. Carter became the last and highest bidder in the sum of $2,125. The commissioner reported this sale to the clerk, who on 21 October, 1936, entered his decree of confirmation and authorized and directed the commissioner to make deed to the purchaser. The order of confirmation signed by the clerk was in all respects ratified, approved and confirmed on 21 October, 1936, by Sink, Resident Judge, Twelfth Judicial District. The commissioner executed and delivered a deed to said premises to the said G. E. Carter and thereafter on 27 January, 1937, G. E. Carter and his wife executed and delivered to the plaintiff herein a deed for the *locus.* The defendants being in possession of said premises and having refused to surrender the same, this action was instituted 17 December, 1937.

After the jury was impaneled and after the court below ascertained that the defendants were attacking the validity of the foreclosure proceeding on the grounds that there had been no valid confirmation of sale, he, as the judge holding the courts of the Twelfth Judicial District, entered a decree of confirmation, to which the defendants excepted. Thereupon, without the intervention of a jury the court rendered judgment for the plaintiff and against the defendants. The defendants excepted and appealed.

*H. R. Kyser, J. Roy Proctor, and Phillips & Bower for plaintiff, appellee.*

*Don A. Walser for defendants, appellants.*

BARNHILL, J.  It does not clearly appear from the record that any evidence was offered in the trial below.  The case on appeal states: "After the jury was selected, upon inquiry of counsel for defendants by the court, as set forth in the judgment in this action, the court rendered the judgment hereinbefore set out, from which said judgment of confirmation of sale and judgment in this action the defendants, and each of them, excepted and appealed to the Supreme Court."  There follows a copy of certain deeds and other documents affecting the title to the premises in controversy.  As the judgment cites  .  .  .  "and it appearing to the court from the pleadings, the record of evidence offered and the admissions  .  .  ." we may assume that the documentary evidence of title was offered.

The record then presents but one question for decision: Was it error for the court to enter judgment decreeing that the plaintiff is the owner and entitled to the possession of the *locus in quo* without having first submitted an issue to the jury?  We must answer this question in the affirmative.

One of the important powers of a court of equity is to direct and control sales made by its order and under its authority through a commissioner of its own appointment.  A foreclosure proceeding is essentially equitable in its nature, requiring the exercise of sound discretion by the presiding judge for the protection of the rights of all parties interested.  It is an action pending on the civil issue docket in which only the judge holding the courts of the district has power to enter any order or decree.  An order entered therein directing the sale of property should direct the commissioner appointed by the court to make the sale and to report the sale to the court for confirmation before conveying the land to the purchaser.  *Mebane v. Mebane,* 80 N. C., 34.  The commissioner acts as the agent of the court and must report to it all his acts in execution of its order.  The bid is but a proposition to buy, and until accepted and sanctioned by the court having jurisdiction, confers no right whatever upon the purchaser.  The sale is consummated when that sanction is given and an order for title made and executed.  But when confirmation is made the bargain is then complete and it relates back to the date of sale.  Confirmation is an act of consent and approval which the court gives to the sale, and, for all practical purposes the court is the vendor in such cases, and, within the limitations prescribed by law, may give or withhold its consent in its discretion.  *Harrell v. Blythe,* 140 N. C., 415, 53 S. E., 232.  The power to confirm or to reject a bid cannot be delegated to the commissioner, *Mebane v. Mebane, supra,* or to the clerk, *Dixon v. Osborne,* 201 N. C., 489.  The court may, however, confirm a sale *nunc pro tunc* and whenever the decree of confirmation is entered the confirmation relates back to the day of the sale and the purchaser receives his title as of that time.  *Dixon v. Osborne,* 204 N. C., 480, and cases there cited.

The decree of confirmation entered by the court below while the trial in this cause was in progress does not purport to have been entered *nunc pro tunc,* but was entered as of the February Term, 1938. If we read an unsatisfactory record correctly, this decree was entered after the judgment roll in the foreclosure proceeding had been offered in evidence and the plaintiff had rested its case, and the record fails to disclose that the judgment roll was re-offered after the report of the commissioner and the order of the clerk and the execution of the deed by the commissioner had been ratified and approved by the judge having jurisdiction. Thus it appears that when this judgment roll was offered it constituted evidence only of an authorized sale and the receipt of an offer to purchase. The sale was not valid as such until confirmed. It follows that when the plaintiff rested it had not offered evidence of any vested title in it to the premises in controversy.

Furthermore, it appears that no issue was submitted to the jury, but the judgment entered by the court below contains, among other recitals, the following: "And the court . . . finds as a fact that the plaintiff is now the owner of and entitled to the immediate possession of the lands described in the complaint. . . ." This deprived defendants of a jury trial, to which they were entitled. The jury only may find controverted issues of fact. Conceding without deciding that the evidence was sufficient to warrant a directed verdict upon the pertinent issues raised by the pleadings and the evidence, this does not justify the court in taking the case from the jury, finding the facts and rendering judgment thereon. The burden of the issue rested upon the plaintiff and it was the duty of the court to submit appropriate issues to the jury to be answered by them under such charge as the court deemed proper. In its failure to do so the court deprived the defendants of a substantial right.

The order entered confirming the sale made by the commissioner, while entered during the progress of this trial, was in fact entered in the foreclosure action. The exception of the defendants thereto is not here properly presented. There was no appeal in the foreclosure action based on the exception of the defendants to the entry of this decree of confirmation and we are, therefore, not authorized to consider the same in this cause. We express no opinion thereon.

For the reasons assigned the defendants are entitled to have their cause submitted to a jury.

New trial.