W. B. CAMPBELL AND WILMINGTON SAVINGS & TRUST COMPANY, EXECUTORS OF J. O. REILLY; LONDON ASSURANCE CORPORATION, THE CAROLINA INSURANCE COMPANY, AMERICAN EAGLE FIRE INSURANCE COMPANY, HANOVER FIRE INSURANCE COMPANY, CONNECTICUT FIRE INSURANCE COMPANY AND FIREMEN'S FUND INSURANCE COMPANY, v. PEOPLES SAVINGS BANK & TRUST COMPANY.

(Filed 4 January, 1939.)

**1. Trial § 19—**

The competency and admissibility of the evidence is for the court to determine; the weight of the testimony and the credibility of the witness is for the jury.

**2. Pleadings § 28—Judgment on the pleadings may not be rendered when material allegations are denied on information and belief.**

When the facts are admitted, judgment may be rendered thereon by the court without the intervention of a jury, but when defendant denies the right of plaintiff to recover, judgment on the pleadings may not be rendered in favor of plaintiff, and denial of material allegations of the complaint upon information and belief is sufficient denial to put plaintiff to proof.

**3. Jury § 5: Trial § 26—Case must be submitted to the jury even though plaintiff's evidence is sufficient to warrant directed verdict.**

When defendant denies material allegations of the complaint upon information and belief, in the language of C. S., 519, judgment may not be rendered in plaintiff's favor without the intervention of a jury, even conceding plaintiff's evidence is sufficient to warrant a directed verdict, the weight of the testimony and the credibility of the witnesses being for the determination of the jury.

**4. Evidence § 36—**

A carbon copy of an alleged agreement offered as a duplicate original, without proper identification, and without adequate explanation of the failure to produce the original, is not properly in evidence.

**5. Pleadings § 7—**

Allegations in the answer that defendant "denies that it has any knowledge or information thereof sufficient to form a belief" is not an admission of the facts alleged in the complaint, but puts plaintiff to proof. C. S., 519.

**6. Jury § 5—**

The right to trial by jury is a substantial right.

APPEAL by defendant from *Cranmer, J.*, at April Term, 1938, of NEW HANOVER. New trial.

Civil action instituted by plaintiffs, insurance companies, against the defendant to recover deposit balance in the defendant bank in the name of "J. O. Reilly, insurance account." The plaintiffs, executors of J. O. Reilly, admit they have no interest in said account.

The plaintiffs, insurance companies, hereinafter referred to as plaintiffs, offered evidence tending to show that J. O. Reilly was their agent in Wilmington, N. C.; that his accounts with the plaintiffs became involved and as a consequence thereof the plaintiffs required him to deposit all premiums collected in bank in a separate account, and that he was not permitted to withdraw therefrom any amount except by remittance to plaintiffs, other than a stipulated sum for expenses and his commissions; that thereafter premiums collected were deposited in the designated account; that there is now a balance in said account of $287.81; and that the defendant bank had appropriated said balance and applied the same to the personal indebtedness of J. O. Reilly, deceased.

At the conclusion of the plaintiffs' evidence defendant announced it would offer no testimony and tendered an issue to be submitted to the jury. The court declined to submit the issue tendered, and, on motion of plaintiffs, entered judgment for plaintiffs in the amount of said deposit, with interest and costs. The defendant excepted and appealed.

*E. K. Bryan for plaintiffs, appellees.*
*Carr, James & LeGrand for defendant, appellant.*

BARNHILL, J. It is well established in this jurisdiction that the competency and admissibility of the evidence is for the court to determine, and that the weight of the testimony and the credibility of the witnesses is for the jury. When the facts are admitted judgment may be rendered thereon by the court without the intervention of a jury. When, however, the credibility of the witnesses and the weight and sufficiency of the evidence is challenged by denial or by conflicting testimony the cause must be submitted to a jury. If the defendant denies the right of the plaintiffs to recover, the evidence must be submitted to a jury even though it is of such nature as to warrant a directed verdict. *Woodland v. Southgate*, 186 N. C., 116, 118 S. E., 898; *Bank v. Stone*, 213 N. C., 598; *McCullers v. Jones, ante,* 464.

Only a carbon copy of the alleged written contract between the plaintiffs and J. O. Reilly was before the court and jury. This carbon copy was offered without proper identification as a duplicate original and without adequate explanation of the failure of the plaintiffs to produce the original. It was not properly in evidence. The other evidence of

the plaintiffs tending to establish their cause of action consisted largely of the testimony of witnesses and of facts and circumstances testified to by them. If it be conceded that this evidence, if believed, would warrant but one reasonable inference, this did not deprive the defendant of its right to have the credibility of such evidence determined by the jury under proper instructions. *Woodland v. Southgate, supra; Bank v. Stone, supra.*

It is apparent that the court below was led to withdraw the case from the jury and to sign judgment for the plaintiffs upon the apprehension that his ruling that the defendant's answer did not deny the allegations contained in the second, fourth, fifth, sixth, seventh, eighth, eleventh and twelfth paragraphs of plaintiffs' complaint was correct. In answer to each of these paragraphs the defendant alleged: "This defendant denies that it has any knowledge or information thereof sufficient to form a belief." This answer is in exact accord with the pertinent statute. C. S., 519. *Bank v. Charlotte,* 75 N. C., 45; *Brinson v. Morris,* 192 N. C., 214, 134 S. E., 453. Therefore, the facts alleged by the plaintiffs are not admitted, but, on the other hand, the defendant has adequately raised the issue as to the weight of the evidence and the credibility of the witnesses.

On this record it was error for the court to render judgment in favor of the plaintiffs without first having submitted the evidence to a jury upon appropriate issues. The failure to submit the cause to a jury deprived the defendants of a substantial right. *Bank v. Stone, supra.*

As the case must be remanded for a new trial we have refrained, in so far as possible, from discussing the evidence in the case.

New trial.