CITY OF WILMINGTON, NORTH CAROLINA, NEW HANOVER COUNTY,
AND C. R. MORSE, CITY-COUNTY TAX COLLECTOR, v. LIZZIE WRIGHT
MERRICK, LILLY WRIGHT, ONLY CHILDREN AND HEIRS AT LAW OF
TITUS WRIGHT, DECEASED, AND THEIR HUSBANDS, EDWARD WRIGHT
AND WIFE, ............ ...... WRIGHT, AND ANY AND ALL HEIRS AND/OR DEVISEES,
AND ANY AND ALL PERSONS, FIRMS OR CORPORATIONS WHO MIGHT IN ANY
CONTINGENCY CLAIM AN INTEREST IN THE PROPERTY INVOLVED IN THIS
ACTION, KNOWN OR UNKNOWN, SUI JURIS OR NON SUI JURIS, INCLUDING
ANY NOT IN ESSE WHO MIGHT BY POSSIBILITY HEREAFTER SET UP A CLAIM.

(Filed 14 December, 1949.)

**1. Taxation § 40c—**

In an action to foreclose a tax lien under G.S. 105-414, persons having
an interest in the equity of redemption must be made parties by name,
G.S. 105-391 (e) not being applicable, and judgment rendered in such pro-
ceeding is void as to persons having such interest who are not made parties.

**2. Taxation § 40b—**

The provision of G.S. 105-391 (e) permitting persons who have dis-
appeared, who cannot be located, or whose names and whereabouts are
unknown, to be served by publication under a fictitious name or by desig-
nation as heirs and assigns, is protective in nature and may not be used as
a subterfuge to excuse failure to serve process on those whose names can
be discovered by the exercise of due diligence.

**3. Taxation § 42—**

The contention that judgment foreclosing a tax lien should not be
vacated on motion of persons owning the equity of redemption who had
not been made parties and served with process, because it would cast
doubt upon other tax titles, is untenable, since it will not be assumed that
other proceedings were irregular, but even so, a landowner may not be
deprived of his property without due process of law.

**4. Appearance § 2b: Judgments § 27b—**

A general appearance made for the purpose of moving to vacate a judg-
ment on the ground that movants were not made parties and served with
process, and that therefore the judgment was void as to them, cannot have
the effect of validating the judgment or waiving the defect.

APPEAL by plaintiffs from *Harris, J.,* April Term, 1949, NEW HAN-
OVER. Affirmed.

Civil action under G.S. 105-414 to foreclose tax liens on real property,
heard on motion by certain cotenants to vacate the judgment entered and
the writ of possession issued after judgment.

Titus Wright died prior to 1891, seized and possessed of a certain lot
in the City of Wilmington. He left surviving two daughters, Lizzie
Wright Merrick and Lilly Wright. The movants, Luberta Merrick
Williams and Isabella Merrick Womack, are daughters of Lizzie Wright
Merrick, deceased. Lilly Wright also died prior to the institution of this

action, leaving a son, Willie Wright, surviving. The relationship of Ida Wright and Edward Wright is not disclosed by the record. The said Luberta Merrick Williams, Isabella Merrick Womack, Willie Wright, and other children of the two deceased daughters were, at the time of the institution of this action, the owners of said lot as tenants in common. The complaint alleges that the property "was duly listed and returned for taxation at the time, or times, hereinafter set forth . . .," but the person or persons in whose name or names the property was listed is not disclosed. Taxes assessed by plaintiffs against the premises for a number of years prior to 1946 being unpaid, this action was instituted, captioned as above, to foreclose the lien thereof.

J. H. Ferguson, having been appointed guardian *ad litem* of "any infants, incompetent insane or of unsound mind . . . and all parties who may be in the Armed Forces of the United States . . . who have or may have, an interest in the property involved in this action," filed answer admitting all the allegations in the complaint. No other answer was filed. The land was sold and judgment of confirmation was entered.

The purchaser, R. L. Lewis, petitioned the court for a writ of possession. Notice of the motion was served on Ida Wright, Isabella Merrick Womack, and Luberta Merrick Williams, the parties in actual possession of at least a part of the premises. On the return day of the notice, no answer having been filed, a writ of possession was issued.

Thereafter, Isabella Merrick Womack and Luberta Merrick Williams appeared and moved the court to vacate the judgment of foreclosure and the deed executed thereunder and to recall the writ of possession for the reason that they were never made parties to this action and no process has ever issued against them; that no cause of action is stated in the complaint as against them; that two of the three named defendants were not living at the time of the institution of this action; that part of the land sold is listed in the name of James McMillan who is not a party defendant; and for other causes stated.

Copies of the original summons and complaint were delivered to the movants. One-half of the property sold is listed in the name of James McMillan. This is admitted by plaintiffs.

When the motion came on to be heard, the court found as a fact that the movants were never made parties to this action and that no process was ever served on them, making them parties, and adjudged that the foreclosure judgment and the deed executed by authority thereof are null and void as to the movants and recalling the writ of possession as to them. Plaintiffs excepted and appealed.

*G. C. McIntire for plaintiff appellants and J. H. Ferguson for R. L. Lewis, purchaser at foreclosure sale.*

*Hogue & Hogue for defendant appellees.*

BARNHILL, J.   The many alleged defects in the proceeding appearing on the face of this record invite much writing which in the end would serve no useful purpose.   In the final analysis the appeal presents two questions:  (1) Were the movants made parties defendant herein so that they are bound by the judgment entered, and, if not, (2) Did they, by their general appearance and motion to vacate the judgment, waive the defect?   We are constrained to answer each question in the negative?

It must be noted in the beginning that this is an action instituted under the provisions of C.S. 7990, now G.S. 105-414.   It is so alleged in the complaint.   This is understandable.   Had plaintiffs pursued the alternative method provided by G.S. 105-391, the collection of a large proportion of the amounts claimed might be barred.

The action is in the nature of an action to foreclose a mortgage.   G.S. 105-414; *Comrs. of Washington v. Gaines,* 221 N.C. 324, 20 S.E. 2d 377. Its very purpose is to foreclose the interest of the owners, sell all the right and title of the taxpayer, and enable the purchaser at the sale to ascertain what title it is that he buys.   The owners of the property, subject to the asserted lien, must be made parties to the action.   *Jones v. Williams,* 155 N.C. 179, 71 S.E. 222; 37 A.J. 44.   The decisions in this State are uniform in holding that all persons having an interest in the equity of redemption should be parties to a proceeding for foreclosure. *Riddick v. Davis,* 220 N.C. 120, 16 S.E. 2d 662, and cases cited; *Comrs. of Washington v. Gaines, supra.*   "A decree of foreclosure is a nullity as to the owner of the equity of redemption not made a party to the action;" and it "does not conclude an interested person who is not made a party to the proceeding."   37 A.J. 46.

Under no view of the record before us may it be said that the movants were made parties to this action.   Only three persons are made parties defendant by name.   Two of these were then dead and the interest of the other is not disclosed.   As to these three, there was service of summons by publication.

The mere service of process upon a person does not serve to make him a party to the action.   Something more is required.   He must either be named as a party in the beginning or must be brought in by order of the court.

So then, the question is narrowed to this:  Is the designation "any and all heirs and/or devisees" sufficient to include the movants as parties defendant and put them on notice that they were required to answer or be forever barred by the judgment entered?

In 1939 the Legislature, by Chap. 310, P.L. 1939, now G.S. 105-391 *et seq.,* created alternative methods of foreclosure of tax liens.   This Act provides that "the listing taxpayer and spouse, if any, the current owner . . . and all persons who would be entitled to be made parties to a court

action . . . to foreclose a mortgage on such property, shall be made parties and served with summons in the manner provided by sec. 1-89."

Only subsections (f) to (v) inclusive of sec. 1719 thereof, now G.S. 105-391, were made applicable to foreclosures under G.S. 105-414. Hence, G.S. 105-391 (e) is not available to plaintiffs in this proceeding. This section contains the "heirs and assignees" appellation provision upon which plaintiffs rely. It, however, relates only to "persons who have disappeared or cannot be located and persons whose names and whereabouts are unknown, and all possible heirs or assignees of such persons . . ." These "may be served by publication; and such persons, their heirs and assignees may be designated by general description or by fictitious names in such actions." Thus it applies only to persons (1) who have disappeared, (2) who cannot be located, (3) whose names and whereabouts are unknown, and (4) their heirs and assignees. It was designed to provide a method of service on those who are not available for personal service and to bring in those who have succeeded to their rights in the event they are dead.

It may be said that Lizzie Wright Merrick, deceased mother of the movants, had departed for parts unknown, but it could hardly be contended that service by publication would reach far enough to bring her in. Her heirs were present and available for service. They lived on the premises. The sheriff's return put plaintiffs on notice that they could be found and that they were interested parties. And they were, during the pendency of the action, making installment payments upon the taxes due.

The section, even if applicable here, is protective in nature. It must not be used as a subterfuge to excuse actual notice when such notice was so apparently within the power of plaintiffs. Neglect to ascertain their whereabouts, when slight diligence would have disclosed their presence in the county as occupants of the premises, will not excuse the failure of plaintiffs to make them parties to the action. Furthermore, plaintiffs did discover that movants had an interest in the property. They inserted their names in the caption to the judgment of foreclosure. Yet they took no action to bring them in as parties. They cannot now complain that they, the movants, assail the validity of the judgment herein.

It is suggested that if this judgment is vacated for the causes assigned, it will create doubt respecting other foreclosure proceedings and cast a cloud on the titles conveyed thereunder. But we may not assume that other taxing units have undertaken to sell the land of taxpayers under foreclosure without first making reasonably diligent effort to ascertain who the owners are and make them parties to the proceedings, or that they have failed to comply with the other simple rules governing the foreclosure of tax liens. Even if such should be the case, it affords no

sufficient reason for depriving a landowner of his property without due process of law.

The movants, in filing their motion, made a general appearance. But a general appearance to move to vacate a void judgment does not validate the judgment. If the movants were not parties to the action their appearance and motion to have the judgment herein stricken from the record did not serve to ratify the prior proceedings in the cause. *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311.

The judgment below is
Affirmed.